Gretchen M. Nelson (SBN 112566)
Email: gnelson@kreindler.com
KREINDLER & KREINDLER LLP
707 Wilshire Boulevard, Suite 4100
Los Angeles, California 90017-3613
Telephone: (213) 622-6469
Facsimile: (213) 622-6019

(Additional Counsel Listed Below)

*Attorneys for Plaintiffs and the Classes*

Michael T. Williams (*pro hac vice*)
Email: williams@wtotrial.com
Jessica G. Scott (*pro hac vice*)
Email: scott@wtotrial.com
Kenneth E. Stalzer (*pro hac vice*)
Email: stalzer@wtotrial.com
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Telephone: (303) 244-1800
Facsimile: (303) 244-1879

(Additional Counsel Listed Below)

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| SHAWN ROBERTS and NICOLE HORTON on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br>　　v.<br>ELECTROLUX HOME PRODUCTS, INC.<br>　　　　　　Defendants. | Case No. 8:12-cv-01644 CAS (VBKx)<br><br>**CLASS ACTION**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>The Honorable Christina A. Snyder |

Upon the stipulation of the parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the Court being fully advised and upon good cause shown, the Court enters the following Protective Order limiting the disclosure and use of certain discovered information as hereinafter provided.

IT IS HEREBY ORDERED AS FOLLOWS:

Certain information, documents and things of the parties subject to pleading, discovery, or disclosure in this action may be claimed to be or contain

"Confidential Information," as described below. Such information is subject to being described in sufficient detail to justify its protection, and the Producing Party must have a good faith belief that the documents or information constitute a trade secret or other confidential information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. The parties and any non-party shall limit to whatever extent possible designating information as Confidential Information.

A Party may designate documents, testimony or information as being or containing "Confidential Information" if the Party making such designation reasonably believes that the documents, testimony or information:

    i.    Is obtained from another entity and which is required to be kept confidential pursuant to an agreement entered into with such entity in the regular course of business or an existing confidentiality order, provided, however, that such information is not part of the public domain and not obtained through sources which were bound under an existing confidentiality order and provided that a non-party to any such agreement or protective order reserves the right to challenge a confidentiality designation pursuant to such an agreement or order by the means permitted in this order; or

    ii.    contains or discloses trade secrets, confidential technical information, practices, methods or other know-how, including but not limited to confidential research, development, or commercial information, such as proprietary licensing, distribution, marketing, product analysis, design, development, research, and manufacturing information regarding products or technology, pricing data, financial data, sales information, customer-confidential information, strategic business plans, marketing strategies or projections, or information about employees, that is not available to the public through prior publication or other lawful means.

The information, documents, or things described in subparagraphs i-ii above are hereinafter collectively referred to as "Confidential Information." For purposes

of this Protective Order, the term "documents," as used herein, shall include, but shall not be limited to, those categories of information that constitute "documents" under Rule 34(a) of the Federal Rules of Civil Procedure.

1. This Protective Order shall apply to documents and things which any Party[1] deems, in good faith, to constitute or contain Confidential Information.

2. All documents deemed by a Party to constitute or contain Confidential Information of that Party will be so identified and marked "Confidential — Subject to Protective Order" by that Party (the "Producing Party").

   (a) Such identification or marking shall be made by a Producing Party when the Confidential Information is served upon or provided to the other Party (the "Receiving Party").

   (b) In lieu of marking the original of a document that contains Confidential Information prior to inspection, counsel for the Producing Party may orally designate such documents being produced for inspection as Confidential Information, thereby making them subject to this Protective Order. Making documents available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials made available for inspection shall be treated as if designated as "Confidential — Subject to Protective Order" pursuant to this Protective Order at the time of inspection. However, all copies of such documents must be marked "Confidential — Subject to Protective Order" by the Producing Party at the time they are supplied to inspecting counsel to make such copies subject to this Protective Order.

   (c) In the event such marking is inadvertently omitted from a copy of a produced document, the Producing Party may notify the inspecting

---

[1] "Party," for purposes of this Protective Order, shall be defined to include Plaintiffs, Defendant, and any third party that may be called upon to provide documents, testimony, or other information pursuant to subpoena or other lawful process.

counsel in writing to mark such document as "Confidential — Subject to Protective Order." In addition, if the Producing Party obtained the document or information from another Party (an "Originating Party"), the Originating Party, within 30 days after learning that the Producing Party has produced its Confidential Information without an appropriate designation may notify the inspecting counsel in writing to mark such document as "Confidential (by [Originating Party]) — Subject to Protective Order." Upon receiving either of the notifications provided for in this Paragraph, the Receiving Party and its counsel shall take all reasonable steps to retrieve all copies of the documents that had not been marked with the appropriate confidential legend and to mark said documents in accordance with the instructions of the Producing Party or Originating Party, as the case may be; however, should the notification from either the Producing Party or Originating Party refer to more than 200 documents, the Producing Party or the Originating Party shall provide copies of properly-marked documents to the Receiving Party and the Receiving Party shall destroy all of its copies of the unmarked documents and confirm the destruction in writing within 14 days. From the point at which the Receiving Party and its counsel have notice that the appropriate confidential legend had been omitted from a copy of a produced document, the Receiving Party and its counsel shall treat the produced document as Confidential Information pursuant to the terms of this Protective Order.

(d) Tangible objects constituting or containing Confidential Information may be designated Confidential Information by affixing to the object or its container a label or tag marked "Confidential — Subject to Protective Order."

3. In the event that any question is asked at a deposition which a Party or non-Party asserts calls for the disclosure of Confidential Information, such question shall be answered by the witness fully and completely, to the extent required by

1  law. Counsel for the Party making the confidential designation shall, either at the
2  deposition or within ten (10) days after receipt of the transcript thereof, notify all
3  counsel on the record or in writing that the information provided in such answer
4  contains Confidential Information subject to this Protective Order. Counsel for the
5  Party making the confidential designation shall specify the testimony being
6  designated confidential by page and line number, at which point, said testimony
7  shall be subject to this Protective Order. Until the expiration of such ten (10) day
8  period, the entire text of the deposition, including all testimony therein shall be
9  treated as Confidential Information subject to this Protective Order. After page and
10 line designations of Confidential Information have been made, the Receiving Party
11 may redact the portions of the deposition so designated and use a redacted version
12 of the deposition as if it were not designated Confidential Information.

13     4.     Notwithstanding any other provision of this Protective Order, a Party
14 may designate as confidential testimony of, or documents produced by, that Party's
15 agents, employees, sales representatives, or technical or business consultants,
16 provided, however, that such good cause for the designation exists and that the
17 testimony or documents contain "Confidential Information" as described herein.
18 Any testimony or documents claimed as confidential pursuant to this Paragraph
19 shall be treated as such under the terms of this Protective Order, including, but not
20 limited to, the provisions for marking the document with the confidential legend
21 and for challenging any claim of confidentiality. Additionally, any documents or
22 information produced in prior litigation by any Party and designated in that
23 litigation, in some manner, as confidential information pursuant to a protective
24 order operative in that case, shall, unless and until the Producing Party provides
25 different instructions, be treated as Confidential Information under this Protective
26 Order, notwithstanding any failure to separately designate the documents in this
27 litigation as Confidential Information. Nothing herein shall impose any restriction
28 on the use or disclosure by a Party of its own information or information that

lawfully came into the possession of the Party independent of any disclosure of information in this litigation, unless the latter information is subject to any protective order.

  5. Any summary, notes, or copy containing designated Confidential Information shall be subject to the terms of this Protective Order to the same extent as the information or document from which the summary or copy was made.

  6. Unless and until this Court rules otherwise, access to documents and materials identified as "Confidential -- Subject to Protective Order" shall be limited solely to:

   (a.) the parties;

   (b.) attorneys and secretarial, paralegal, and staff personnel of outside attorneys of record in this action, namely the firms of Wheeler Trigg O'Donnell, LLP, Wright, Lindsey and Jennings LLP, Wexler Wallace LLP, Hansen Reynolds Dickinson Crueger LLC, Greg Coleman Law PC, and Carney Williams Bates Pulliam & Bowman, PLLC, along with any successors, substitutes or additional co-counsel of record thereto;

   (c.) independent expert(s) or consultant(s) (not a regular employee or agent of the party employing the expert or consultant) to the extent necessary to prepare for this litigation, provided that before any such disclosure is made, said independent expert(s) or consultant(s) executes an Acknowledgment of this Protective Order in the form attached hereto, a copy of which, for an identified testifying expert only, shall then be held by counsel;

   (d.) the Parties' insurance carriers, as well as claims representatives affiliated with such insurance carriers, to the extent involved in the pending litigation.

7. Notwithstanding the provisions of Paragraph 6, any person (including employees of a corporate party) expected to testify at a scheduled deposition or designated as a trial or hearing witness may be shown Confidential Information designated "Confidential — Subject to Protective Order" to the extent that the Confidential Information can be foreseen to relate to his/her proposed testimony. The person to whom the disclosure is to be made must execute an Acknowledgment of this Protective Order in the form attached hereto, either before or immediately after the deposition or testimony (a copy of which shall then be held by counsel and transmitted to counsel for each of the other parties).

8. A party may not file in the public record in this action any Confidential Information copied or extracted therefrom, without either (i) written permission from the Designating Party, or (ii) a court order secured after appropriate notice to all interested persons providing that such Protected Material shall be filed under seal. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Confidential Information identified and marked in accordance with Paragraphs 2, 3, or 4 hereof may be filed with the Court or included in whole or in part in pleadings, motions, or briefs with the Confidential Information redacted and shall be filed with the Clerk of the Court pursuant to the CM/ECF policies and procedures for the United States District Court for the Central District of California. To file any original, un-redacted document containing Confidential Information with the Court, the filing Party must move the Court for an order sealing that document, including a brief description of each document that Party seeks to file under seal. The original document will be provided to the Court in sealed envelopes or other appropriate sealed containers on which shall be affixed a cover sheet with (i) the case caption, the words "Confidential — Filed Under Seal," (ii) the name of the document if it can be disclosed publicly, otherwise a general non-confidential description of the document (*e.g.*, Exhibit X or pages 2-5 of Mr. X's deposition) that may be identified on the public docket, (iii) the name, address

and telephone number of the person filing the document, and (iv) a statement on the cover sheet stating:

> This envelope contains documents or things which are filed by [name of party] under a Protective Order dated [date of entry]. It shall not be opened or released from the custody of the Clerk of Court except by order or under direction of the Court.

Chambers copies shall be provided in accordance with the Court's Standing Order..

The clerk shall maintain the documents as restricted documents for a period of 63 days following the final disposition of this case including appeals. Except where the Court, in response to a request of a Party or on its own motion, orders otherwise, or pending an appeal, at the end of the 63- day period, the clerk shall destroy the restricted documents. Filing of all documents shall be done in accordance with the above procedures and in compliance with the United States District Court for the Central District of California's CM/ECF policies and procedures.

9. When any testimony in this action is taken during pre-trial litigation whether in a deposition or before the Court, or when any item of information, document, or thing marked or identified as Confidential Information in accordance with Paragraphs 2, 3, or 4 hereof is presented, disclosed, or marked for identification, counsel for any Party may, before or during said testimony, give notice to counsel for all other parties that Confidential Information may be disclosed during said testimony and such counsel may request that the testimony go forward with only the stenographer recording the testimony, the Court, and those categories of persons permitted by Paragraph 6 in attendance. Any Confidential Information used pursuant to this Paragraph shall not lose the protections of this Protective Order as a result of such use. The stenotype tape or other means of recording the proceeding with respect to which the notice provided for in the Paragraph is given or in which any Confidential Information marked or identified in

accordance with this Protective Order is disclosed, presented, or marked for identification shall itself be deemed to be Confidential Information subject to this Protective Order. The transcript or copies thereof of any such testimony shall be provided only to those categories of persons permitted by Paragraph 6 hereof, the stenographer (if necessary), the Court, and necessary personnel; however, if all Confidential Information is redacted in a transcript, such a redacted transcript is not subject to this restriction.

10. Any transcripts, exhibits, or other documents, information, or things identified in accordance with Paragraphs 2, 3, or 4 may be copied by the Receiving Party's counsel, but are to be returned (the original and all copies) to counsel for the Producing Party within thirty (30) days after the termination of this litigation (which shall include any appeal); and any extracts, descriptions, or summaries thereof shall be destroyed after termination of the litigation, save for those extracts, descriptions, or summaries which are included in counsel's work product. A certification of destruction of said documents shall be provided to the Producing Party within thirty (30) days after termination of litigation.

11. Confidential Information identified in accordance with Paragraphs 2, 3, or 4 hereof may only be used: (a) in connection with motions filed in this action; (b) during testimony in this action, both during trial and during discovery; (c) as evidence at the trial of this action subject to the rules of evidence, this Protective Order, and any further order of this Court; (d) to prepare for discovery or trial of this action; and (e) in connection with any appeal of this action to a court of competent jurisdiction. Confidential Information may not be used for any other purpose.

12. Disputes arising as to the use of Confidential Material or information at trial or hearings will be resolved by the Court prior to the disclosure of such materials. In addition, no fewer than thirty (30) days before the date upon which the Parties are directed to submit a Joint Pretrial Order in this litigation, the Parties

shall meet and confer to negotiate a proposal for Court approval addressing the treatment at trial of material previously designated Confidential. To the extent the parties fail to agree on a proposal addressing the use of such material at trial, they may submit alternative proposals to the Court for resolution.

13. In the event that the Producing Party determines that any Confidential Information should no longer be subject to this Protective Order, it shall notify each Party that its designation thereof as confidential is withdrawn and shall provide each Party with a copy of the document with the confidential designation removed, and the specific bates label number of the document with the inoperative confidentiality designation. From and after the receipt by a Party of such a copy, such information and all actions taken with respect to such information shall no longer be subject to this Protective Order.

14. In the event that a Party shall desire to provide access to Confidential Information identified as such to any person or categories of person not included in Paragraph 6 hereof, including absent class members who have not intervened or otherwise appeared in this litigation, it may move this Court for an order that such persons or categories of persons be given access to the Confidential Information. In the resolution of such motion, the burden of establishing that those persons or categories of persons should have access to the Confidential Information shall be on the moving Party. In the event that the motion is granted, such persons or categories of person may have access to the Confidential Information provided that such person(s) have executed the Acknowledgment of this Protective Order in the form attached hereto prior to access to the Confidential Information being provided to such person(s). Alternatively, the Parties may agree, after conferral, to allow these persons to access Confidential Information provided that they execute a copy of the Acknowledgement of this Protective Order. A copy of the executed Acknowledgment shall then be held by counsel and transmitted to each of the parties.

15. With respect to any particular item of Confidential Information, the restriction on dissemination, access, disclosure, and use of such item(s), or of information contained therein, shall not apply to the Producing Party or such Party's attorneys.

16. Acceptance by a Receiving Party of information, documents, or things marked as Confidential Information shall not (a) constitute a concession that such information, documents, or things in fact are, or include, Confidential Information; or (b) constitute an agreement or admission by either party with respect to the competency, relevancy, or materiality of any such information, document, or thing.

17. This Protective Order does not address, limit, or determine the relevance, discoverability, or admission into evidence of any document. The Parties do not waive any objections as to the production, discoverability, or confidentiality of documents.

18. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the parties mutually agree in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

19. A Party shall not be obligated to challenge the propriety of a confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge to such confidential designation. In the event any Party to this litigation disagrees with a confidential designation, the parties shall first try to resolve the dispute in good faith on an informal basis. The Challenging Party shall provide written notice to the Designating Party, identifying the Confidential Discovery Material, by bates number, whose designation it challenges and setting forth the basis, with basic legal authority, for the challenge for each document or portion of document. Within a reasonable time after its receipt of written notice of the challenge to its designation, or such other time period as may be agreed to by the Parties, the Parties shall meet and confer and make a good faith effort to resolve any dispute concerning the designation by agreement or stipulation. If the dispute

cannot be resolved, the designating Party may seek, in the manner prescribed by the Federal Rules of Civil Procedure and the Local Rules, appropriate relief from this Court. All Confidential Information so designated shall maintain a Confidential status pending a determination by the court as to its appropriate status. The Party asserting the information, document, or thing that is or contains Confidential Information shall have the burden of proving the propriety of its designation.

20. Inadvertent production of any document subject to the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of the privilege or immunity, provided that the Producing Party promptly notifies the Receiving Party in writing of such inadvertent production after the Producing Party discovers such inadvertent production. If prompt notification is made and the Producing Party establishes the circumstances surrounding the document's inadvertent production and the grounds for an applicable privilege or immunity, such inadvertently produced document and all copies thereof shall be returned to the Producing Party or destroyed, upon request, within seven (7) days of the Receiving Party's receipt of the written request to return or destroy. The Receiving Party shall not make any use of such document during deposition, hearing or trial, nor shall the Receiving Party show the document to anyone who was not already given access to it prior to the Producing Party's request to return or destroy. If, after conferring, the parties cannot agree as to whether a document should be protected from disclosure by a privilege or immunity, the Producing Party shall have ten (10) business days to file a motion with the Court seeking the return or destruction of the produced document. While such a motion is pending, the Receiving Party shall not make any use of such document during deposition, hearing or trial, and such document shall not be shown by the Receiving Party to anyone who was not already given access to such document prior to the Producing Party's request to return or destroy.

21. Nothing in this Protective Order shall prevent any Party including members of the public from contesting this Protective Order or applying to the Court for further or additional protection for any document or information the characteristics of which are such that the protections afforded by this Protective Order may be insufficient and/or inadequate to ensure the confidentiality of such document or information or to prevent injury to the Producing Party.

22. The parties intend that this Protective Order shall be consistent with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any applicable Local Rules. For purposes of computing any period of time under this Protective Order, the provisions of Federal Rule Civil Procedure 6 and the Local Rules of the Court shall apply.

23. This Protective Order shall survive the termination of the above-captioned action and shall continue in full force and effect, without limitation in time, subject to further order of this Court.

24. Nothing in this Protective Order shall interfere with the parties' right to move this Court to modify, supplement, or dissolve this Protective Order, or agree to modify, supplement, or dissolve this Protective Order after so notifying the Court.

IT IS SO ORDERED:

Dated: __January 15, 2013___          _____/s/_____
                                        Magistrate Judge Victor B. Kenton

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| SHAWN ROBERTS and NICOLE HORTON on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br>　　v.<br>ELECTROLUX HOME PRODUCTS, INC.<br>　　　　　　Defendants. | Case No. 8:12-cv-01644 CAS (VBKx)<br><br>**CLASS ACTION**<br><br>**ACKNOWLEDGEMENT OF PROTECTIVE ORDER** |

　　The undersigned has read and understands the Protective Order issued in the above-captioned proceedings, a copy of which is attached hereto, and the undersigned hereby acknowledges and agrees to abide by the restrictions and requirements of said Protective Order, and submits the jurisdiction of said Court solely for the purpose of enforcement.

**Name:**_____

**Signature:**_____

**Date:**_____

Additional Counsel for Plaintiffs:

Edward Wallace
Email: eaw@wexlerwallace.com
Amy Keller
Email: aek@wexlerwallace.com
Dawn Goulet
Email: dmg@wexlerwallace.com
WEXLER WALLACE LLP
55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
Telephone: (312) 346-2222
Facsimile:   (312) 346-0022

Erin Dickinson
Email: erin@hrdc-law.com
Charles Crueger
Email: charles@hrdc-law.com
HANSEN REYNOLDS DICKINSON CRUEGER LLC
316 North Milwaukee Street, Suite 200
Milwaukee, Wisconsin 53202
Telephone: (414) 455-7676
Facsimile:   (414) 273-8476

Gregory Coleman
Email: greg@gregcolemanlaw.com
Mark Silvey
Email: mark@gregcolemanlaw.com
GREG COLEMAN LAW PC
Bank of America Center
550 Main Avenue, Suite 600
Knoxville, Tennessee 37902
Telephone: (865) 247-0080
Facsimile:   (865) 522-0049

Additional Counsel for Defendant:

Manatt, Phelps & Phillips, LLP
Dean J. Zipser (SBN 094680)
Email: dzipser@manatt.com
695 Town Center Drive, 14th floor
Costa Mesa, California 92626-7223
Telephone:  (714) 371-2500
Facsimile:   (714) 371-2550

[PROPOSED] STIPULATED PROTECTIVE ORDER – CASE NO. 8:12-cv-01644 CAS (VBKx)