Matt Kanny (SBN 167118)
Noel Cohen (SBN 219645)
Email: mkanny@manatt.com
Email: ncohen@manatt.com
Manatt, Phelps & Phillips, LLP
11355 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: (310) 312-4388
Facsimile: (310) 996-6973

Michael T. Williams (*pro hac vice*)
Email: williams@wtotrial.com
Jessica G. Scott (*pro hac vice*)
Email: scott@wtotrial.com
Kenneth E. Stalzer (*pro hac vice*)
Email: stalzer@wtotrial.com
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Telephone:  (303) 244-1800
Facsimile:  (303) 244-1879

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ROBERTS, et al.;<br><br>Plaintiffs,<br><br>vs.<br><br>ELECTROLUX HOME PRODUCTS, INC.,<br><br>Defendants.<br><br>This Document Relates To: All Actions. | Master File No. SACV12-1644-CAS(VBKx)<br><br>CLASS ACTION<br><br>**ANSWER OF DEFENDANT ELECTROLUX HOME PRODUCTS, INC. TO CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**<br><br>The Honorable Christina A. Snyder |

Defendant Electrolux Home Products, Inc. ("Electrolux") hereby answers Plaintiffs' Consolidated Amended Class Action Complaint ("Consolidated Amended Complaint"; Doc. No. 74). Except as specifically and expressly

admitted, each and every allegation in the Consolidated Amended Complaint is hereby denied.

## NATURE OF THE ACTION

1.     Electrolux admits that it designs, manufactures, markets, and sells gas and electric clothes dryers with a "ball-hitch" design (the "Dryers") under the Electrolux, Kenmore, and Frigidaire brand names to its trade customers for re-sale to consumers. Electrolux further admits that it conducts business in California, Illinois, Missouri, and New York. Electrolux denies the remaining allegations in Paragraph 1 of the Consolidated Amended Complaint, and specifically, Electrolux denies that the Dryers have a uniform and dangerous defect ("the defect") that causes these Dryers to catch on fire, fail, char clothes, and damage property.

2.     Electrolux denies the allegations in Paragraph 2 of the Consolidated Amended Complaint.

3.     Electrolux denies the allegations in Paragraph 3 of the Consolidated Amended Complaint. In particular, Electrolux denies any past or present knowledge of the defect in the Dryers because such a defect did not, and does not, exist.

4.     Electrolux denies the allegations in Paragraph 4 of the Consolidated Amended Complaint.

5.     Electrolux denies the allegations in Paragraph 5 of the Consolidated Amended Complaint.

6.     Electrolux denies the allegations in Paragraph 6 of the Consolidated Amended Complaint.

7.     Electrolux denies the allegations in Paragraph 7 of the Consolidated Amended Complaint.

8.     Electrolux denies the allegations in Paragraph 8 of the Consolidated Amended Complaint.

9.      Electrolux denies the allegations in Paragraph 9 of the Consolidated Amended Complaint.

10.      Electrolux denies the allegations in Paragraph 10 of the Consolidated Amended Complaint.

11.      Electrolux denies the allegations in Paragraph 11 of the Consolidated Amended Complaint.

12.      Electrolux denies the allegations in Paragraph 12 of the Consolidated Amended Complaint.

## PARTIES

13.      Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Consolidated Amended Complaint, and therefore denies them.

14.      Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Consolidated Amended Complaint, and therefore denies them.

15.      Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Consolidated Amended Complaint, and therefore denies them.

16.      Electrolux admits the allegations about Ms. McGowan's citizenship and residency. Electrolux denies that Ms. McGowan purchased an Electrolux Dryer on April 14, 2009, but admits that was the delivery date on her sales receipt date April 10, 2009. Electrolux admits that Ms. McGowan bought a Frigidaire branded dryer that caught fire on the morning of March 10, 2012. Electrolux avers, however, that Ms. McGowan's dryer did not catch fire due to an alleged defect in her dryer.

17.      Electrolux admits the allegations in Paragraph 17 of the Consolidated Amended Complaint.

18.     Electrolux admits that it distributes, markets, promotes, and sells Dryers to its trade customers for re-sale to consumers. Electrolux denies the remaining allegations in Paragraph 18 of the Consolidated Amended Complaint.

19.     Electrolux admits that it designs, promotes, and markets Dryers. Electrolux denies the remaining allegations in Paragraph 19 of the Consolidated Amended Complaint.

20.     Electrolux admits that it designs, manufactures, and distributes Dryers to its trade customers for re-sale to consumers throughout the United States, including in California. Electrolux is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 that a significant portion of the proposed National Classes are located in California.

21.     Electrolux admits that it does business in California including selling, distributing, and advertising products, including the Dryers, to its trade customers for re-sale to consumers. Electrolux denies the remaining allegations in Paragraph 21 of the Consolidated Amended Complaint.

22.     Paragraph 22 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent that the allegations require a response, Electrolux admits that it sells the Dryers to its trade customers for re-sale to consumers in California. Electrolux denies that it committed tortious acts in California or elsewhere. Electrolux denies the remaining allegations in Paragraph 22 of the Consolidated Amended Complaint.

23.     Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Consolidated Amended Complaint and therefore denies them.

1

## JURISDICTION AND VENUE

2    24.    Paragraph 24 of the Consolidated Amended Complaint contains legal

3 conclusions to which no response is required. To the extent that the allegations

4 require a response, Electrolux admits that, under 28 U.S.C. § 1332(d)(2), the Court

5 has jurisdiction over Plaintiffs' claims because Plaintiffs are each a citizen of a

6 state different from the state in which Electrolux is located, and because Plaintiffs

7 allege putative class damages in an amount that exceeds $5,000,000.

8    25.    Paragraph 25 of the Consolidated Amended Complaint contains legal

9 conclusions to which no response is required. To the extent that the allegations

10 require a response, Electrolux admits that, under 28 U.S.C. § 1332(a), the Court

11 has jurisdiction over Plaintiffs' claims because Plaintiffs are each a citizen of a

12 state different from the state in which Electrolux is located, and because Plaintiffs

13 allege damages in excess of $75,000.

14    26.    Paragraph 26 of the Consolidated Amended Complaint contains a

15 legal conclusion to which no response is required. To the extent that the

16 allegations require a response, Electrolux admits that it does business in this

17 district. Electrolux denies the remaining allegations in Paragraph 26 of the

18 Consolidated Amended Complaint.

19

## FACTUAL ALLEGATIONS

20    27.    Electrolux admits that it designs, manufactures, warrants, markets,

21 and sells the Dryers under the Electrolux, Kenmore, and Frigidaire brand names to

22 its trade customers for re-sale to consumers. Electrolux denies the remaining

23 allegations in Paragraph 27 of the Consolidated Amended Complaint.

24    28.    Electrolux denies the allegations in Paragraph 28 of the Consolidated

25 Amended Complaint.

26

27

28

**Plaintiff Shannon Carty**

29.    Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Consolidated Amended Complaint and therefore denies them.

30.    Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Consolidated Amended Complaint and therefore denies them.

31.    Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Consolidated Amended Complaint and therefore denies them.

32.    Electrolux denies the allegations in Paragraph 32 of the Consolidated Amended Complaint.

33.    Electrolux denies the existence of the alleged defect and as the defect did not and does not exist, Electrolux denies that it caused the alleged fire or allowed the alleged fire to spread. Electrolux is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of the Consolidated Amended Complaint and therefore denies them.

34.    Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Consolidated Amended Complaint and therefore denies them.

35.    Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Consolidated Amended Complaint and therefore denies them.

**Plaintiff Steven Gavic**

36.    Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Consolidated Amended Complaint and therefore denies them.

37.     Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Consolidated Amended Complaint and therefore denies them.

38.     Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Consolidated Amended Complaint and therefore denies them.

39.     Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence one of Paragraph 39 of the Consolidated Amended Complaint and therefore denies them. Electrolux denies the allegations in sentence two of Paragraph 39 of the Consolidated Amended Complaint.

40.     Electrolux denies the existence of the alleged defect and as the defect did not and does not exist, Electrolux denies that it caused the alleged fire. Electrolux is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 of the Consolidated Amended Complaint and therefore denies them.

41.     Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Consolidated Amended Complaint and therefore denies them.

42.     Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Consolidated Amended Complaint and therefore denies them.

**Plaintiff Matthew Downs**

43.     Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Consolidated Amended Complaint and therefore denies them.

44.     Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Consolidated Amended Complaint and therefore denies them.

45.     Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Consolidated Amended Complaint and therefore denies them.

46.     Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence one of Paragraph 46 of the Consolidated Amended Complaint and therefore denies them. Electrolux denies the allegations in sentence two of Paragraph 46 of the Consolidated Amended Complaint.

47.     Electrolux denies the existence of the alleged defect and as the defect did not and does not exist, Electrolux denies that it caused the alleged fire. Electrolux is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 of the Consolidated Amended Complaint and therefore denies them.

48.     Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Consolidated Amended Complaint and therefore denies them.

49.     Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Consolidated Amended Complaint and therefore denies them.

**Plaintiff Michelle McGowan**

50.     Electrolux admits the allegations in Paragraph 50 of the Consolidated Amended Complaint.

51.     Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Consolidated Amended Complaint and therefore denies them.

52.     Electrolux admits that, according to Ms. McGowan's deposition testimony, she used her Frigidaire dryer on March 10, 2012, to dry her clothes. Electrolux denies each and every other allegation in Paragraph 52.

53.     Upon information and belief, including documents and records in Electrolux's possession, Electrolux admits the allegations in sentence one of Paragraph 53 of the Consolidated Amended Complaint. Electrolux denies the allegations in sentence two of Paragraph 53 of the Consolidated Amended Complaint.

54.     Electrolux denies the existence of the alleged defect and as the defect did not and does not exist, Electrolux denies that it caused the alleged fire. Electrolux admits the remaining allegations in Paragraph 54 of the Consolidated Amended Complaint.

55.     Electrolux admits that Plaintiff McGowan contacted one of Electrolux's authorized service representatives or one of its authorized claims representatives regarding a warranty claim. Electrolux denies the remaining allegations in Paragraph 55 of the Consolidated Amended Complaint.

56.     Electrolux admits that Plaintiff McGowan contacted one of Electrolux's authorized service representatives or one of its authorized claims representatives regarding a warranty claim. Electrolux denies the remaining allegations in Paragraph 56 of the Consolidated Amended Complaint.

**Facts Common to the Class**

57.     Electrolux denies the allegations in Paragraph 57 of the Consolidated Amended Complaint.

58.     Electrolux denies the allegations in Paragraph 58 of the Consolidated Amended Complaint.

59.     Electrolux denies the allegations in Paragraph 59 of the Consolidated Amended Complaint.

60.     Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Consolidated Amended Complaint and therefore denies them.

61.     Electrolux denies the allegations in Paragraph 61 of the Consolidated Amended Complaint.

62.     Electrolux denies the allegations in Paragraph 62 of the Consolidated Amended Complaint.

63.     Electrolux denies the allegations in Paragraph 63 of the Consolidated Amended Complaint.

### The Defects

64.     Electrolux denies the allegations in Paragraph 64 of the Consolidated Amended Complaint.

65.     Electrolux denies the allegations in Paragraph 65 of the Consolidated Amended Complaint. Electrolux also avers that every dryer manufactured by any manufacturer will accumulate lint and that it is impossible to design a dryer that does not accumulate some amount of lint. Further, Electrolux's Dryers were designed in complete compliance with all applicable industry standards and regulations.

66.     Electrolux denies the allegations in Paragraph 66 of the Consolidated Amended Complaint. Electrolux also avers that every dryer manufactured by any manufacturer will accumulate lint and that it is impossible to design a dryer that does not accumulate some amount of lint. Further, Electrolux's Dryers were

designed in complete compliance with all applicable industry standards and regulations.

67.     Electrolux denies the allegations in Paragraph 67 of the Consolidated Amended Complaint. Electrolux also avers that every dryer manufactured by any manufacturer will accumulate lint and that it is impossible to design a dryer that does not accumulate some amount of lint. Further, Electrolux's Dryers were designed in complete compliance with all applicable industry standards and regulations.

68.     Electrolux admits that the Dryers contain plastic components, which are in full compliance with all applicable safety standards. Electrolux denies the remaining allegations in Paragraph 68 of the Consolidated Amended Complaint. Electrolux also avers that every dryer manufactured by any manufacturer will accumulate lint and that it is impossible to design a dryer that does not accumulate some amount of lint. Further, Electrolux's Dryers were designed in complete compliance with all applicable industry standards and regulations.

69.     Electrolux denies the allegations in Paragraph 69 of the Consolidated Amended Complaint. Electrolux also avers that every dryer manufactured by any manufacturer will accumulate lint and that it is impossible to design a dryer that does not accumulate some amount of lint. Further, Electrolux's Dryers were designed in complete compliance with all applicable industry standards and regulations.

70.     Electrolux denies the allegations in Paragraph 70 of the Consolidated Amended Complaint. Electrolux's Dryers were designed in complete compliance with all applicable industry standards and regulations.

71.     Electrolux denies the allegations in Paragraph 71 of the Consolidated Amended Complaint. Electrolux's Dryers were designed in complete compliance with all applicable industry standards and regulations.

72.    Electrolux admits that a fire containment test was performed on test dryers in 1995. Electrolux specifically denies that the use of plastic in certain components in the base of dryers presents an unreasonable risk to consumer safety or "serious safety hazard." Electrolux denies each and every other allegation in Paragraph 72 of the Consolidated Amended Complaint. Electrolux's Dryers were designed in complete compliance with all applicable industry standards and regulations.

73.    Electrolux denies the allegations in Paragraph 73 of the Consolidated Amended Complaint.

74.    Electrolux denies the allegations in Paragraph 74 of the Consolidated Amended Complaint.

75.    Electrolux denies the allegations in Paragraph 75 of the Consolidated Amended Complaint.

76.    Electrolux denies the allegations in Paragraph 76 of the Consolidated Amended Complaint.

77.    Electrolux denies the allegations in Paragraph 77 of the Consolidated Amended Complaint.

78.    Electrolux denies the allegations in Paragraph 78 of the Consolidated Amended Complaint. Electrolux also avers that Electrolux's Dryers were designed in complete compliance with all applicable industry standards and regulations.

79.    Electrolux denies the allegations in Paragraph 79 of the Consolidated Amended Complaint.

80.    Electrolux denies the allegations in Paragraph 80 of the Consolidated Amended Complaint.

81.    Electrolux denies the allegations in Paragraph 81 of the Consolidated Amended Complaint.

82.     Electrolux admits that in or about 2008, it began to manufacture a bulkhead design dryer. Electrolux further admits that it continues to manufacture laundry-center Dryers with the ball-hitch design as such design is safe and in compliance with all applicable industry standards and regulations. Electrolux denies the remaining allegations in Paragraph 82 of the Consolidated Amended Complaint.

**Electrolux Conceals the Defects From the Public to Facilitate Dryer Sales**

83.     Electrolux denies the allegations in Paragraph 83 of the Consolidated Amended Complaint.

84.     Electrolux denies the allegations in Paragraph 84 of the Consolidated Amended Complaint.

85.     Electrolux admits that fire containment tests were performed on test dryers in 1995 and the late 1990s. Electrolux denies each and every other allegation in Paragraph 85 of the Consolidated Amended Complaint.

86.     Electrolux denies the allegations in Paragraph 86 of the Consolidated Amended Complaint. Electrolux's Dryers were designed in complete compliance with all applicable industry standards and regulations.

87.     Electrolux denies the allegations in Paragraph 87 of the Consolidated Amended Complaint.

88.     Electrolux denies the allegations in Paragraph 88 of the Consolidated Amended Complaint.

89.     Electrolux denies the allegations in sentence one of Paragraph 89 of the Consolidated Amended Complaint. The court opinions in the string citation and parentheticals speak for themselves and do not require a response. To the extent that the string citation and parentheticals require a response, Electrolux denies the allegations to the extent inconsistent with the cited opinions.

90.     Paragraph 90 of the Consolidated Amended Complaint cites to a court decision that speaks for itself and to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations to the extent that the quoted language is inaccurate.

91.     Paragraph 91 of the Consolidated Amended Complaint cites to a court decision that speaks for itself and to which no response is required. To the extent that the allegations require a response, Electrolux admits that it has always denied, and will continue to deny, that there is any defect in the Dryers because there is none.

92.     Paragraph 92 of the Consolidated Amended Complaint cites to court decisions that speak for themselves and to which no response is required. To the extent that the allegations require a response, Electrolux admits that the grounds for the motion for summary judgment considered and denied by the court in *Charter Oak* was collateral estoppel, and Electrolux further admits that it filed a motion to dismiss in the *Humphrey* case. Electrolux denies the remaining allegations in Paragraph 92 of the Consolidated Amended Complaint.

93.     Electrolux denies any past or present knowledge of or concealment of the defect in the Dryers because such a defect did not, and does not, exist. Electrolux admits that it provides warranties for its Dryers. Electrolux avers that the warranties speak for themselves, and denies the remaining allegations in Paragraph 93 to the extent inconsistent with the warranties it provides.

94.     Electrolux denies the allegations in Paragraph 94 of the Consolidated Amended Complaint.

95.     Electrolux denies any past or present knowledge of or concealment of the defect in the Dryers because such a defect did not, and does not, exist. Electrolux admits that it produces marketing and advertising materials for its dryers that it provides to its trade customers. Whether those materials constitute

warranties is a legal conclusion to which no response is required. To the extent a response is required, Electrolux denies the remaining allegations in Paragraph 95 of the Consolidated Amended Complaint.

96.     Electrolux denies the allegations in Paragraph 96 of the Consolidated Amended Complaint.

97.     Electrolux admits that the "Use & Care Guide" instructs the consumer to have a qualified servicer clean the Dryer's interior and exhaust duct every 18 months. Electrolux denies the allegations in Paragraph 97 of the Consolidated Amended Complaint. Electrolux further avers that Plaintiffs' own circumstances show that Plaintiffs' allegation regarding fire claims occurring within the first 18 months of use is wrong.

98.     Paragraph 98 of the Consolidated Amended Complaint cites to a motion to dismiss filed in another case that speaks for itself and to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations to the extent inconsistent with the motion. Electrolux denies the remaining allegations in Paragraph 98 of the Consolidated Amended Complaint.

99.     Electrolux denies the allegations in Paragraph 99 of the Consolidated Amended Complaint.

100.   Electrolux denies the allegations in Paragraph 100 of the Consolidated Amended Complaint.

101.   Electrolux denies the allegations in Paragraph 101 of the Consolidated Amended Complaint.

102.   Electrolux denies the allegations in Paragraph 102 of the Consolidated Amended Complaint.

103.   Electrolux denies the allegations in Paragraph 103 of the Consolidated Amended Complaint.

104.   Electrolux denies the allegations in Paragraph 104 of the Consolidated Amended Complaint.

105.   Electrolux denies the allegations in Paragraph 105 of the Consolidated Amended Complaint.

106.   Electrolux denies the allegations in Paragraph 106 of the Consolidated Amended Complaint.

107.   Electrolux denies the allegations in Paragraph 107 of the Consolidated Amended Complaint.

108.   Electrolux denies the allegations in Paragraph 108 of the Consolidated Amended Complaint. Electrolux also avers that Electrolux's Dryers were designed in complete compliance with all applicable industry standards and regulations.

**The Defects Present an Immediate and Continuing Safety Risk**

109.   Electrolux denies the allegations in Paragraph 109 of the Consolidated Amended Complaint.

110.   Electrolux admits the allegations in Paragraph 110 of the Consolidated Amended Complaint.

111.   Electrolux denies the allegations in Paragraph 111 of the Consolidated Amended Complaint.

112.   Electrolux denies the allegations in Paragraph 112 of the Consolidated Amended Complaint.

113.   Electrolux denies the allegations in Paragraph 113 of the Consolidated Amended Complaint.

114.   Electrolux denies the allegations in Paragraph 114 of the Consolidated Amended Complaint.

115.   Electrolux denies the allegations in Paragraph 115 of the Consolidated Amended Complaint.

## CLASS ACTION ALLEGATIONS

116.   Electrolux admits that Plaintiffs purport to bring this action on behalf of themselves and as a class action on behalf of persons defined in the Consolidated Amended Complaint. Electrolux denies the propriety of any class proposed for formation by Plaintiffs. Electrolux denies the remaining allegations in Paragraph 116 of the Consolidated Amended Complaint.

### The National Class

117.   Electrolux denies the propriety of any class proposed for formation by Plaintiffs.

118.   Electrolux denies the propriety of any class proposed for formation by Plaintiffs. Electrolux further denies that the Dryers have any defect and as the defect does not exist, denies that any persons were damaged by the purported defect.

### The State-Wide Classes

119.   Electrolux denies the propriety of any class proposed for formation by Plaintiffs.

120.   Electrolux denies the propriety of any class proposed for formation by Plaintiffs. Electrolux further denies that the Dryers have any defect and as the defect does not exist, denies that any persons were damaged by the purported defect.

121.   Electrolux denies the propriety of any class proposed for formation by Plaintiffs.

122.   Electrolux denies the propriety of any class proposed for formation by Plaintiffs.

123.   Electrolux denies the propriety of any class proposed for formation by Plaintiffs. Electrolux further denies that the Dryers have any defect and as the

defect does not exist, denies that any persons were damaged by the purported defect.

124.   Electrolux denies the propriety of any class proposed for formation by Plaintiffs.

125.   Electrolux denies the propriety of any class proposed for formation by Plaintiffs. Electrolux further denies that the Dryers have any defect and as the defect does not exist, denies that any persons were damaged by the purported defect.

126.   Electrolux denies the propriety of any class proposed for formation by Plaintiffs.

127.   Electrolux denies the propriety of any class proposed for formation by Plaintiffs.

128.   Electrolux denies the allegations in Paragraph 128 of the Consolidated Amended Complaint.

129.   Electrolux admits that there are numerous purchasers of the Dryers in the United States, and within California, Illinois, Missouri, and New York. Electrolux denies the remaining allegations in Paragraph 129 of the Consolidated Amended Complaint.

130.   Paragraph 130 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 130 of the Consolidated Amended Complaint.

131.   Paragraph 131 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the allegations require a response, Electrolux denies that there is any question of law or fact common to all members of the putative classes. Electrolux denies each

remaining allegation in Paragraph 131 of the Consolidated Amended Complaint, including all subparagraphs.

132.   Paragraph 132 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent that the allegations require a response, Electrolux denies that Plaintiffs' claims are typical of the members of the putative classes, denies that Plaintiffs have no interest antagonistic to those of the putative classes, and denies that it has no defenses unique to each Plaintiff. Electrolux denies the remaining allegations in Paragraph 132 of the Consolidated Amended Complaint.

133.   Paragraph 133 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent that the allegations require a response, Electrolux denies that Plaintiffs will fairly and adequately protect the interests of the putative classes. Electrolux further denies that Plaintiffs have no interest antagonistic to those of the putative classes. Electrolux admits that Plaintiffs purport to be committed to pursuing this action. Electrolux is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 133 that Plaintiffs have retained experienced counsel or that Plaintiffs have no disabling conflicts with class members, and therefore denies them. Electrolux denies the remaining allegations in Paragraph 133 of the Consolidated Amended Complaint.

134.   Electrolux denies the allegations in Paragraph 134 of the Consolidated Amended Complaint.

135.   Paragraph 135 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent that the allegations require a response, Electrolux denies that any question of law or fact predominates over any questions affecting only individual class members and denies that a class action is superior to other available methods for this

controversy. Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 135 of the Consolidated Amended Complaint that Plaintiffs have retained attorneys experienced in class actions litigation, and therefore denies it. Electrolux admits that Plaintiffs' counsel purport not to anticipate any difficulty in the management of this litigation but avers that Plaintiffs' counsel are incorrect. Electrolux denies the remaining allegations in Paragraph 135 of the Consolidated Amended Complaint.

136.   Electrolux denies the propriety of any class proposed for formation by Plaintiffs. Electrolux avers that choice-of-law issues have not been addressed in this case and therefore denies the remaining allegations of Paragraph 136 of the Consolidated Amended Complaint.

**Tolling and Estoppel of Statutes of Limitations and Fraudulent Concealment**

137.   Electrolux denies the allegations in Paragraph 137 of the Consolidated Amended Complaint.

138.   Electrolux denies the allegations in Paragraph 138 of the Consolidated Amended Complaint.

139.   Electrolux denies the allegations in Paragraph 139 of the Consolidated Amended Complaint.

140.   Electrolux denies the allegations in Paragraph 140 of the Consolidated Amended Complaint.

**CLAIMS FOR RELIEF**

**COUNT I**

**Declaratory Relief**

141.   Electrolux answers Paragraph 141 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 140 of the Consolidated Amended Complaint, as set forth above.

142.   Electrolux denies the allegations in Paragraph 142 of the Consolidated Amended Complaint.

143.   Paragraph 143 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent that the allegations require a response, Electrolux admits generally that, under 28 U.S.C. § 2201, a court may award declaratory relief, but only as part and parcel of other substantive claims for relief. Electrolux denies that Plaintiffs and the putative class members are entitled to such relief and denies that a claim for declaratory relief can exist as a stand-alone claim.

144.   Electrolux denies that Plaintiffs and the putative class members are entitled to the declarations sought in Paragraph 144 of the Consolidated Amended Complaint. Electrolux denies that the Dryers have any defect.

145.   Electrolux denies that Plaintiffs and the putative class members are entitled to the declarations sought in Paragraph 145 of the Consolidated Amended Complaint. Electrolux denies that the Dryers have any defect.

## COUNT II
### Negligence

146.   Electrolux answers Paragraph 146 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 145 of the Consolidated Amended Complaint, as set forth above.

147.   Paragraph 147 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the allegations require a response, Electrolux generally admits that the law imposes duties and avers it has discharged all duties imposed by law. Electrolux denies all other allegations in Paragraph 147.

148.   Electrolux denies the allegations in Paragraph 148 of the Consolidated Amended Complaint.

149.   Electrolux denies the allegations in Paragraph 149 of the Consolidated Amended Complaint.

150.   Electrolux denies the allegations in Paragraph 150 of the Consolidated Amended Complaint.

151.   Electrolux denies the allegations in Paragraph 151 of the Consolidated Amended Complaint.

152.   Paragraph 152 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the allegations require a response, Electrolux generally admits that the law imposes duties and avers it has discharged all duties imposed by law. Electrolux denies all other allegations in Paragraph 152.

153.   Electrolux denies the allegations in Paragraph 153 of the Consolidated Amended Complaint.

154.   Electrolux denies the allegations in Paragraph 154 of the Consolidated Amended Complaint.

155.   Electrolux denies the allegations in Paragraph 155 of the Consolidated Amended Complaint.

156.   Electrolux denies the allegations in Paragraph 156 of the Consolidated Amended Complaint.

157.   Electrolux denies the allegations in Paragraph 157 of the Consolidated Amended Complaint.

158.   Electrolux denies the allegations in Paragraph 158 of the Consolidated Amended Complaint.

159.   Electrolux denies the allegations in Paragraph 159 of the Consolidated Amended Complaint.

160.   Electrolux denies the allegations in Paragraph 160 of the Consolidated Amended Complaint.

161.   Electrolux denies the allegations in Paragraph 161 of the Consolidated Amended Complaint.

162.   Electrolux denies the allegations in Paragraph 162 of the Consolidated Amended Complaint.

163.   Electrolux denies the allegations in Paragraph 163 of the Consolidated Amended Complaint.

## COUNT III

### Breach of Implied Warranty of Merchantability

164.   Electrolux answers Paragraph 164 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 163 of the Consolidated Amended Complaint, as set forth above.

165.   Electrolux denies the allegations in Paragraph 165 of the Consolidated Amended Complaint.

166.   Electrolux denies the allegations in Paragraph 166 of the Consolidated Amended Complaint.

167.   Electrolux denies the allegations in Paragraph 167 of the Consolidated Amended Complaint.

168.   Paragraph 168 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent that the allegations require a response, Electrolux admits that, for at least some of its dryers, it provided a limited implied warranty of merchantability that stated: "Implied warranties, including warranties of merchantability or fitness for a particular purpose, are limited to one year or the shortest period allowed by law."

Electrolux denies the remaining allegations in Paragraph 168 of the Consolidated Amended Complaint.

169.   Electrolux denies the allegations in Paragraph 169 of the Consolidated Amended Complaint.

170.   Electrolux denies the allegations in Paragraph 170 of the Consolidated Amended Complaint.

171.   Electrolux denies the allegations in Paragraph 171 of the Consolidated Amended Complaint.

172.   Electrolux denies the allegations in Paragraph 172 of the Consolidated Amended Complaint.

173.   Electrolux denies the allegations in Paragraph 173 of the Consolidated Amended Complaint.

174.   Electrolux denies the allegations in Paragraph 174 of the Consolidated Amended Complaint.

## COUNT IV

### Breach of Express Warranty

175.   Electrolux answers Paragraph 175 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 174 of the Consolidated Amended Complaint, as set forth above.

176.   Paragraph 176 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 176 of the Consolidated Amended Complaint.

177.   Electrolux denies the allegations in Paragraph 177 of the Consolidated Amended Complaint.

178.   Electrolux denies any past or present knowledge of the defect in the Dryers because such a defect did not, and does not, exist. Electrolux states that its warranties speak for themselves, and Electrolux denies the allegations to the extent inconsistent with the warranty applicable to Plaintiff's dryer. Electrolux denies the remaining allegations of Paragraph 178 of the Consolidated Amended Complaint, if any.

179.   Electrolux states that its warranties speak for themselves, and Electrolux denies the allegations to the extent inconsistent with the warranty applicable to Plaintiff's dryer. Electrolux denies the remaining allegations of Paragraph 179 of the Consolidated Amended Complaint, if any.

180.   Electrolux states that its warranties speak for themselves, and Electrolux denies the allegations to the extent inconsistent with the warranty applicable to Plaintiff's dryer. Electrolux denies the remaining allegations of Paragraph 180 of the Consolidated Amended Complaint, if any.

181.   Electrolux denies the allegations in Paragraph 181 of the Consolidated Amended Complaint.

182.   Electrolux denies the allegations in Paragraph 182 of the Consolidated Amended Complaint.

183.   Electrolux denies the allegations in Paragraph 183 of the Consolidated Amended Complaint.

184.   Electrolux denies the allegations in Paragraph 184 of the Consolidated Amended Complaint.

185.   Paragraph 185 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 185 of the Consolidated Amended Complaint.

186.   Electrolux denies the allegations in Paragraph 186 of the Consolidated Amended Complaint.

187.   Paragraph 187 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 187 of the Consolidated Amended Complaint.

188.   Electrolux denies the allegations in Paragraph 188 of the Consolidated Amended Complaint.

189.   Electrolux denies the allegations in Paragraph 189 of the Consolidated Amended Complaint.

190.   Electrolux denies the allegations in Paragraph 190 of the Consolidated Amended Complaint.

191.   Electrolux denies the allegations in Paragraph 191 of the Consolidated Amended Complaint.

## COUNT V

### Violation of the Magnuson Moss Warranty Act

192.   Electrolux answers Paragraph 192 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 191 of the Consolidated Amended Complaint, as set forth above.

193.   Paragraph 193 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 193 of the Consolidated Amended Complaint.

194.   Paragraph 194 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the

allegations require a response, Electrolux denies the allegations in Paragraph 194 of the Consolidated Amended Complaint.

195.   Paragraph 195 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 195 of the Consolidated Amended Complaint.

196.   Paragraph 196 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the allegations require a response, Electrolux states that the statute speaks for itself and denies the allegation to the extent inconsistent with the statute.

197.   Electrolux denies that the Dryers have the alleged defect. The remaining allegations in Paragraph 197 of the Consolidated Amended Complaint are legal conclusion to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 197 of the Consolidated Amended Complaint.

198.   Electrolux denies the allegations in Paragraph 198 of the Consolidated Amended Complaint.

199.   Electrolux denies the allegations in Paragraph 199 of the Consolidated Amended Complaint.

200.   Electrolux denies the allegations in Paragraph 200 of the Consolidated Amended Complaint.

201.   Electrolux denies the allegations in Paragraph 201 of the Consolidated Amended Complaint.

202.   Electrolux denies the allegations in Paragraph 202 of the Consolidated Amended Complaint.

203.   Electrolux admits that a related case, *Humphrey v. Electrolux Home Products, Inc.*, was filed in Eastern District of Arkansas in 2012; that it was

initially brought on behalf of a putative national class; that it included a Magnuson Moss Act claim; and that the *Humphrey* plaintiff now only seeks to proceed on behalf of a putative Arkansas class. Electrolux admits that *Roberts* action was initially filed on or about September 27, 2012. Electrolux denies the remaining allegations in Paragraph 203 of the Consolidated Amended Complaint.

204.   Electrolux admits that it has always denied, and will continue to deny, that there is any defect in the Dryers. Electrolux denies the remaining allegations in Paragraph 204 of the Consolidated Amended Complaint.

205.   Electrolux denies the allegations in Paragraph 205 of the Consolidated Amended Complaint.

206.   Electrolux denies the allegations in Paragraph 206 of the Consolidated Amended Complaint.

207.   Electrolux denies the allegations in Paragraph 207 of the Consolidated Amended Complaint.

## COUNT VI

### Injunctive Relief

208.   Electrolux answers Paragraph 208 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 207 of the Consolidated Amended Complaint, as set forth above.

209.   Electrolux denies the allegations in Paragraph 209 of the Consolidated Amended Complaint.

210.   Electrolux denies the allegations in Paragraph 210 of the Consolidated Amended Complaint

211.   Electrolux denies the allegations in Paragraph 211 of the Consolidated Amended Complaint.

212.   Electrolux expressly denies that any alleged defect exists and denies the allegations in Paragraph 212 of the Consolidated Amended Complaint.

213.    Electrolux denies the allegations in Paragraph 213 of the Consolidated Amended Complaint.

214.   Electrolux denies the allegations in Paragraph 214 of the Consolidated Amended Complaint.

## STATE LAW COUNTS

215.   Electrolux denies the propriety of any class proposed for formation by Plaintiffs. Electrolux further denies that any Plaintiff or putative class member is entitled to relief.

## CALIFORNIA

## COUNT VII

### Negligent Failure to Recall/Retrofit

216.   Electrolux answers Paragraph 216 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 215 of the Consolidated Amended Complaint, as set forth above.

217.   Electrolux admits that it designs, manufactures, distributes, advertises, markets, promotes, and sells dryers to its trade customers for re-sale to consumers.

218.   Electrolux denies the allegations in Paragraph 218 of the Consolidated Amended Complaint.

219.   Electrolux denies the allegations in Paragraph 219 of the Consolidated Amended Complaint.

220.   Electrolux denies the allegations in Paragraph 220 of the Consolidated Amended Complaint.

221.   Electrolux denies the allegations in Paragraph 221 of the Consolidated Amended Complaint.

222.   Electrolux denies the allegations in Paragraph 222 of the Consolidated Amended Complaint.

223.   Electrolux denies the allegations in Paragraph 223 of the Consolidated Amended Complaint.

224.   Electrolux expressly denies that any alleged defect exists and denies the allegations in Paragraph 224 of the Consolidated Amended Complaint.

225.   Electrolux denies the allegations in Paragraph 225 of the Consolidated Amended Complaint.

226.   Electrolux denies the allegations in Paragraph 226 of the Consolidated Amended Complaint.

227.   Electrolux denies the allegations in Paragraph 227 of the Consolidated Amended Complaint.

## COUNT VIII

### Violations of the California Consumer Legal Remedies Act

228.   Electrolux answers Paragraph 228 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 227 of the Consolidated Amended Complaint, as set forth above.

229.   Paragraph 229 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent a response from Electrolux is required, Electrolux states that the statute speaks for itself and denies the allegations to the extent inconsistent with the statute.

230.   Paragraph 230 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 230.

231.   Paragraph 231 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 231.

232.   Paragraph 232 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 232.

233.   Electrolux denies the allegations in Paragraph 233 of the Consolidated Amended Complaint.

234.   Electrolux denies the allegations in Paragraph 234 of the Consolidated Amended Complaint.

235.   Electrolux denies the allegations in Paragraph 235 of the Consolidated Amended Complaint.

236.   Electrolux denies the allegations in Paragraph 236 of the Consolidated Amended Complaint.

237.   Electrolux denies the allegations in Paragraph 237 of the Consolidated Amended Complaint.

238.   Electrolux denies the allegations in Paragraph 238 of the Consolidated Amended Complaint.

239.   Electrolux denies the allegations in Paragraph 239 of the Consolidated Amended Complaint.

240.   Electrolux denies the allegations in Paragraph 240 of the Consolidated Amended Complaint.

241.   Paragraph 241 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 241.

242.   Electrolux denies the allegations in Paragraph 242 of the Consolidated Amended Complaint.

243.   Electrolux denies the allegations in Paragraph 243 of the Consolidated Amended Complaint.

244.   Electrolux denies the allegations in Paragraph 244 of the Consolidated Amended Complaint.

245.   Electrolux denies the allegations in Paragraph 245 of the Consolidated Amended Complaint.

246.   Electrolux admits that Plaintiffs Roberts and Horton attached a letter to Electrolux to their First Amended Complaint. The content of that document speaks for itself, and to the extent the description of it in Paragraph 246 of Consolidated Amended Complaint is inconsistent with the document, Electrolux denies it. To the extent that California Plaintiffs allege that the prior Roberts-Horton letter provided required statutory notice, that is a legal a conclusion to which no response is required. To the extent a response is required regarding the alleged sufficiency prior notice, Electrolux denies the allegation. Electrolux denies the remaining allegations of Paragraph 246 of the Consolidated Amended Complaint, and in particular, Electrolux denies that denies that Roberts and Horton are no longer named plaintiffs in this action.

## COUNT IX

### Violations of the California Unfair Competition Law

247.   Electrolux answers Paragraph 247 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 246 of the Consolidated Amended Complaint, as set forth above.

248.   Electrolux denies the allegations in Paragraph 248 of the Consolidated Amended Complaint.

249.   Electrolux denies the allegations in Paragraph 249 of the Consolidated Amended Complaint.

250.   Electrolux denies the allegations in Paragraph 250 of the Consolidated Amended Complaint.

251.   Electrolux denies the allegations in Paragraph 251 of the Consolidated Amended Complaint.

252.   Electrolux admits that it developed, manufactured, marketed, and sold dryers to its trade customers for re-sale to consumers.

253.   Electrolux denies the allegations in Paragraph 253 of the Consolidated Amended Complaint.

254.   Electrolux denies the allegations in Paragraph 254 of the Consolidated Amended Complaint.

255.   Electrolux denies the allegations in Paragraph 255 of the Consolidated Amended Complaint.

256.   Electrolux denies the allegations in Paragraph 256 of the Consolidated Amended Complaint.

257.   Electrolux denies the allegations in Paragraph 257 of the Consolidated Amended Complaint.

258.   Paragraph 258 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the allegations require a response, Electrolux generally admits that the law imposes duties and avers it has discharged all duties imposed by law. Electrolux denies all other allegations in Paragraph 258.

259.   Paragraph 259 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 259 of the Consolidated Amended Complaint.

260.   Electrolux denies the allegations in Paragraph 260 of the Consolidated Amended Complaint.

261.   Electrolux denies the allegations in Paragraph 261 of the Consolidated Amended Complaint.

262.   Electrolux denies the allegations in Paragraph 262 of the Consolidated Amended Complaint.

263.   Electrolux denies the allegations in Paragraph 263 of the Consolidated Amended Complaint.

264.   Electrolux denies the allegations in Paragraph 264 of the Consolidated Amended Complaint.

265.   Electrolux denies the allegations in Paragraph 265 of the Consolidated Amended Complaint.

266.   Electrolux denies the allegations in Paragraph 266 of the Consolidated Amended Complaint.

267.   Electrolux denies that Plaintiffs and putative class members are entitled to any of the relief requested in Paragraph 267 of the Consolidated Amended Complaint. Electrolux denies any allegations in Paragraph 267 of the Consolidated Amended Complaint.

## COUNT X

### Breach of Implied Warranty of Merchantability

268.   Electrolux answers Paragraph 268 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 267 of the Consolidated Amended Complaint, as set forth above.

269.   Paragraph 269 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 269 of the Consolidated Amended Complaint.

270.   Paragraph 270 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the allegations require a response, Electrolux admits that, for at least some of its dryers, it provided a limited implied warranty of merchantability that stated: "Implied warranties, including warranties of merchantability or fitness for a particular purpose, are limited to one year or the shortest period allowed by law." Electrolux denies the remaining allegations in Paragraph 270 of the Consolidated Amended Complaint.

271.   Electrolux denies the allegations in Paragraph 271 of the Consolidated Amended Complaint.

272.   Electrolux denies the allegations in Paragraph 272 of the Consolidated Amended Complaint.

273.   Electrolux denies the allegations in Paragraph 273 of the Consolidated Amended Complaint.

274.   Paragraph 274 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the allegations require a response, Electrolux admits that, for at least some of its dryers, it provided a limited implied warranty of merchantability that stated: "Implied warranties, including warranties of merchantability or fitness for a particular purpose, are limited to one year or the shortest period allowed by law." Electrolux denies the remaining allegations in Paragraph 274 of the Consolidated Amended Complaint.

275.   Electrolux denies the allegations in Paragraph 275 of the Consolidated Amended Complaint.

276.   Electrolux denies the allegations in Paragraph 276 of the Consolidated Amended Complaint.

277.   Electrolux denies the allegations in Paragraph 277 of the Consolidated Amended Complaint.

278.   Electrolux denies the allegations in Paragraph 278 of the Consolidated Amended Complaint.

279.   Electrolux denies the allegations in Paragraph 279 of the Consolidated Amended Complaint.

280.   Electrolux denies the allegations in Paragraph 280 of the Consolidated Amended Complaint.

## COUNT XI

### Breach of Express Warranty

281.   Electrolux answers Paragraph 281 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 280 of the Consolidated Amended Complaint, as set forth above.

282.   Paragraph 282 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 282 of the Consolidated Amended Complaint.

283.   Electrolux denies the allegations in Paragraph 283 of the Consolidated Amended Complaint.

284.   Electrolux denies any past or present knowledge of the defect in the Dryers because such a defect did not, and does not, exist. Electrolux states that its warranties speak for themselves, and Electrolux denies the allegations to the extent inconsistent with the warranty applicable to Plaintiff's dryer. Electrolux denies the remaining allegations of Paragraph 284 of the Consolidated Amended Complaint, if any.

285.   Electrolux states that its warranties speak for themselves, and Electrolux denies the allegations to the extent inconsistent with the warranty applicable to Plaintiff's dryer. Electrolux denies the remaining allegations of Paragraph 285 of the Consolidated Amended Complaint, if any.

286.   Electrolux states that its warranties speak for themselves, and Electrolux denies the allegations to the extent inconsistent with the warranty applicable to Plaintiff's dryer. Electrolux denies the remaining allegations of Paragraph 286 of the Consolidated Amended Complaint, if any.

287.   Electrolux denies the allegations in Paragraph 287 of the Consolidated Amended Complaint.

288.   Electrolux denies the allegations in Paragraph 288 of the Consolidated Amended Complaint.

289.   Electrolux denies the allegations in Paragraph 289 of the Consolidated Amended Complaint.

290.   Electrolux denies the allegations in Paragraph 290 of the Consolidated Amended Complaint.

291.   Electrolux denies the allegations in Paragraph 291 of the Consolidated Amended Complaint.

292.   Electrolux denies the allegations in Paragraph 292 of the Consolidated Amended Complaint.

293.   Electrolux denies the allegations in Paragraph 293 of the Consolidated Amended Complaint.

294.   Electrolux denies the allegations in Paragraph 294 of the Consolidated Amended Complaint.

295.   Electrolux denies the allegations in Paragraph 295 of the Consolidated Amended Complaint.

296.   Electrolux denies the allegations in Paragraph 296 of the Consolidated Amended Complaint.

## COUNT XII

### Strict Product Liability

297.   Electrolux answers Paragraph 297 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 296 of the Consolidated Amended Complaint, as set forth above.

298.   Electrolux admits that it designed, researched, manufactured, tested, distributed, and sold appliances, including dryers, to its trade customers for re-sale to consumers throughout the United States.

299.   Electrolux admits that it designed, manufactured, distributed, advertised, marketed, promoted, and sold dryers to its trade customers for re-sale to consumers throughout the United States. Electrolux is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 299 of the Consolidated Amended Complaint and therefore denies them.

300.   Electrolux admits that it expects the dryers to reach the usual consumers, handlers, and persons coming into contact with them without substantial change in the condition in which they were produced, manufactured, or distributed, but that Electrolux has no control over whether its products in fact did reach those persons without substantial change once the product left its control. Electrolux is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 300 of the Consolidated Amended Complaint that the dryers did "reach Plaintiff and class members without substantial change in condition," and therefore denies them.

301.   Electrolux denies the allegations in Paragraph 301 of the Consolidated Amended Complaint.

302.   Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 302 of the Consolidated Amended Complaint and therefore denies them.

303.   Electrolux denies the allegations in Paragraph 303 of the Consolidated Amended Complaint.

304.   Electrolux denies the allegations in Paragraph 304 of the Consolidated Amended Complaint.

## COUNT XIII

### Strict Product Liability for Failure to Warn

305.   Electrolux answers Paragraph 305 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 304 of the Consolidated Amended Complaint, as set forth above.

306.   Electrolux admits that it is engaged in the business of designing, manufacturing, distributing, advertising, marketing, promoting, and selling dryers to its trade customers for re-sale to consumers.

307.   Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 307 of the Consolidated Amended Complaint and therefore denies them.

308.   Electrolux denies the allegations in Paragraph 308 of the Consolidated Amended Complaint.

309.   Electrolux denies the allegations in Paragraph 309 of the Consolidated Amended Complaint.

310.   Electrolux denies the allegations in Paragraph 310 of the Consolidated Amended Complaint.

311.   Electrolux denies the allegations in Paragraph 311 of the Consolidated Amended Complaint.

312.   Electrolux denies the allegations in Paragraph 312 of the Consolidated Amended Complaint.

## COUNT XIV

### Unjust Enrichment

313.   Electrolux answers Paragraph 313 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 312 of the Consolidated Amended Complaint, as set forth above.

314.   Electrolux denies the allegations in Paragraph 314 of the Consolidated Amended Complaint.

315.   Electrolux denies the allegations in Paragraph 315 of the Consolidated Amended Complaint.

316.   Electrolux denies the allegations in Paragraph 316 of the Consolidated Amended Complaint.

317.   Electrolux denies the allegations in Paragraph 317 of the Consolidated Amended Complaint.

318.   Electrolux denies the allegations in Paragraph 318 of the Consolidated Amended Complaint.

### ILLINOIS

### COUNT XV

### Violation of Illinois Consumer Fraud and Deceptive Business Practices Act

319.   Electrolux answers Paragraph 319 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 318 of the Consolidated Amended Complaint, as set forth above.

320.   Paragraph 320 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent that the allegations require a response, Electrolux states that the statute speaks for itself, and denies the allegations to the extent inconsistent with the statute.

321.   Paragraph 321 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 321 of the Consolidated Amended Complaint.

322.   Paragraph 322 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent that the allegations require a response, Electrolux states that the statute speaks for itself, and denies the allegations to the extent inconsistent with the statute.

323.   Paragraph 323 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 323 of the Consolidated Amended Complaint.

324.   Electrolux denies the allegations in Paragraph 324 of the Consolidated Amended Complaint.

325.   Electrolux denies the allegations in Paragraph 325 of the Consolidated Amended Complaint.

326.   Electrolux denies the allegations in Paragraph 326 of the Consolidated Amended Complaint.

327.   Electrolux denies the allegations in Paragraph 327 of the Consolidated Amended Complaint.

328.   Electrolux denies the allegations in Paragraph 328 of the Consolidated Amended Complaint.

329.   Electrolux denies the allegations in Paragraph 329 of the Consolidated Amended Complaint.

330.   Electrolux denies the allegations in Paragraph 330 of the Consolidated Amended Complaint.

331.   Electrolux denies the allegations in Paragraph 331 of the Consolidated Amended Complaint.

332.   Electrolux denies the allegations in Paragraph 332 of the Consolidated Amended Complaint.

333.   Electrolux denies the allegations in Paragraph 333 of the Consolidated Amended Complaint.

334.   Electrolux denies the allegations in Paragraph 334 of the Consolidated Amended Complaint.

335.   Electrolux denies the allegations in Paragraph 335 of the Consolidated Amended Complaint.

336.   Electrolux denies the allegations in Paragraph 336 of the Consolidated Amended Complaint.

337.   Electrolux denies the allegations in Paragraph 337 of the Consolidated Amended Complaint.

## COUNT XVI

### Violation of Illinois Uniform Deceptive Trade Practices Act

338.   Electrolux answers Paragraph 338 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 337 of the Consolidated Amended Complaint, as set forth above.

339.   Paragraph 339 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent that the

allegations require a response, Electrolux states that the statute speaks for itself, and denies the allegations to the extent inconsistent with the statute.

340.   Paragraph 340 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent that the allegations require a response, Electrolux states that the statute speaks for itself, and denies the allegations to the extent inconsistent with the statute.

341.   Paragraph 341 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 341 of the Consolidated Amended Complaint.

342.   Electrolux denies the allegations in Paragraph 342 of the Consolidated Amended Complaint.

343.   Electrolux denies the allegations in Paragraph 343 of the Consolidated Amended Complaint.

344.   Electrolux denies the allegations in Paragraph 344 of the Consolidated Amended Complaint.

345.   Electrolux denies the allegations in Paragraph 345 of the Consolidated Amended Complaint.

346.   Electrolux denies the allegations in Paragraph 346 of the Consolidated Amended Complaint.

347.   Electrolux denies the allegations in Paragraph 347 of the Consolidated Amended Complaint.

348.   Electrolux denies the allegations in Paragraph 348 of the Consolidated Amended Complaint.

349.   Electrolux denies the allegations in Paragraph 349 of the Consolidated Amended Complaint.

350.   Electrolux denies the allegations in Paragraph 350 of the Consolidated Amended Complaint.

351.   Electrolux denies the allegations in Paragraph 351 of the Consolidated Amended Complaint.

352.   Electrolux denies the allegations in Paragraph 352 of the Consolidated Amended Complaint.

353.   Electrolux denies the allegations in Paragraph 353 of the Consolidated Amended Complaint.

354.   Electrolux denies the allegations in Paragraph 354 of the Consolidated Amended Complaint.

355.   Electrolux denies the allegations in Paragraph 355 of the Consolidated Amended Complaint.

## COUNT XVII

### Breach of Implied Warranty of Merchantability

356.   Electrolux answers Paragraph 356 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 355 of the Consolidated Amended Complaint, as set forth above.

357.   Paragraph 357 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 357 of the Consolidated Amended Complaint.

358.   Paragraph 358 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the allegations require a response, Electrolux admits that, for at least some of its dryers, it provided a limited implied warranty of merchantability that stated: "Implied warranties, including warranties of merchantability or fitness for a

particular purpose, are limited to one year or the shortest period allowed by law." Electrolux denies the remaining allegations in Paragraph 358 of the Consolidated Amended Complaint.

359.   Paragraph 359 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the allegations require a response, Electrolux admits that, for at least some of its dryers, it provided a limited implied warranty of merchantability that stated: "Implied warranties, including warranties of merchantability or fitness for a particular purpose, are limited to one year or the shortest period allowed by law."

Electrolux denies the remaining allegations in Paragraph 359 of the Consolidated Amended Complaint.

360.   Paragraph 360 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 360 of the Consolidated Amended Complaint.

361.   Electrolux denies the allegations in Paragraph 361 of the Consolidated Amended Complaint.

362.   Electrolux denies the allegations in Paragraph 362 of the Consolidated Amended Complaint.

363.   Electrolux denies the allegations in Paragraph 363 of the Consolidated Amended Complaint.

364.   Electrolux denies the allegations in Paragraph 364 of the Consolidated Amended Complaint.

365.   Electrolux denies the allegations in Paragraph 365 of the Consolidated Amended Complaint.

366.   Electrolux denies the allegations in Paragraph 366 of the Consolidated Amended Complaint.

367.   Electrolux denies the allegations in Paragraph 367 of the Consolidated Amended Complaint.

368.   Electrolux denies the allegations in Paragraph 368 of the Consolidated Amended Complaint.

369.   Electrolux denies the allegations in Paragraph 369 of the Consolidated Amended Complaint.

<u>**COUNT XVIII**</u>

**Breach of Express Warranty**

370.   Electrolux answers Paragraph 370 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 369 of the Consolidated Amended Complaint, as set forth above.

371.   Electrolux denies the allegations in Paragraph 371 of the Consolidated Amended Complaint.

372.   Electrolux denies any past or present knowledge of the defect in the Dryers because such a defect did not, and does not, exist. Electrolux states that its warranties speak for themselves, and Electrolux denies the allegations to the extent inconsistent with the warranty applicable to Plaintiff's dryer. Electrolux denies the remaining allegations of Paragraph 372 of the Consolidated Amended Complaint, if any.

373.   Electrolux states that its warranties speak for themselves, and Electrolux denies the allegations to the extent inconsistent with the warranty applicable to Plaintiff's dryer. Electrolux denies the remaining allegations of Paragraph 373 of the Consolidated Amended Complaint, if any.

374.   Electrolux states that its warranties speak for themselves, and Electrolux denies the allegations to the extent inconsistent with the warranty applicable to Plaintiff's dryer. Electrolux denies the remaining allegations of Paragraph 374 of the Consolidated Amended Complaint, if any.

375.   Electrolux denies the allegations in Paragraph 375 of the Consolidated Amended Complaint.

376.   Electrolux denies the allegations in Paragraph 376 of the Consolidated Amended Complaint.

377.   Electrolux denies the allegations in Paragraph 377 of the Consolidated Amended Complaint.

378.   Electrolux denies the allegations in Paragraph 378 of the Consolidated Amended Complaint.

379.   Electrolux denies the allegations in Paragraph 379 of the Consolidated Amended Complaint.

380.   Electrolux denies the allegations in Paragraph 380 of the Consolidated Amended Complaint.

381.   Electrolux denies the allegations in Paragraph 381 of the Consolidated Amended Complaint.

382.   Electrolux denies the existence of any defect in its Dryers. Electrolux is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 382 of the Consolidated Amended Complaint and therefore denies them.

383.   Electrolux denies the allegations in Paragraph 383 of the Consolidated Amended Complaint.

384.   Electrolux denies the allegations in Paragraph 384 of the Consolidated Amended Complaint.

385.   Electrolux denies the allegations in Paragraph 385 of the Consolidated Amended Complaint.

## COUNT XIV

### Unjust Enrichment

386.   Electrolux answers Paragraph 386 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 385 of the Consolidated Amended Complaint, as set forth above.

387.   Electrolux denies the allegations in Paragraph 387 of the Consolidated Amended Complaint.

388.   Electrolux denies the allegations in Paragraph 388 of the Consolidated Amended Complaint.

389.   Electrolux denies the allegations in Paragraph 389 of the Consolidated Amended Complaint.

390.   Electrolux denies the allegations in Paragraph 390 of the Consolidated Amended Complaint.

391.   Electrolux denies the allegations in Paragraph 391 of the Consolidated Amended Complaint.

392.   Electrolux denies the allegations in Paragraph 392 of the Consolidated Amended Complaint.

### MISSOURI

## COUNT XX

### Violation of the Missouri Merchandising Practices Act

393.   Electrolux answers Paragraph 393 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 392 of the Consolidated Amended Complaint, as set forth above.

394.   Paragraph 394 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent that the allegations require a response, Electrolux admits that Plaintiff Downs purports to bring this claim under the statute.

395.   Paragraph 395 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 395 of the Consolidated Amended Complaint.

396.   Electrolux denies the allegations in Paragraph 396 of the Consolidated Amended Complaint.

397.   Electrolux denies the allegations in Paragraph 397 of the Consolidated Amended Complaint.

398.   Electrolux denies the allegations in Paragraph 398 of the Consolidated Amended Complaint.

399.   Electrolux denies the allegations in Paragraph 399 of the Consolidated Amended Complaint.

400.   Electrolux denies the allegations in Paragraph 400 of the Consolidated Amended Complaint.

401.   Electrolux denies the allegations in Paragraph 401 of the Consolidated Amended Complaint.

402.   Electrolux denies the allegations in Paragraph 402 of the Consolidated Amended Complaint.

403.   Electrolux denies the allegations in Paragraph 403 of the Consolidated Amended Complaint.

404.   Electrolux denies the allegations in Paragraph 404 of the Consolidated Amended Complaint.

405.   Electrolux denies the allegations in Paragraph 405 of the Consolidated Amended Complaint.

406.   Electrolux denies the allegations in Paragraph 406 of the Consolidated Amended Complaint.

407.   Electrolux denies the allegations in Paragraph 407 of the Consolidated Amended Complaint.

408.   Electrolux denies the allegations in Paragraph 408 of the Consolidated Amended Complaint.

409.   Electrolux denies the allegations in Paragraph 409 of the Consolidated Amended Complaint.

410.   Electrolux denies the allegations in Paragraph 410 of the Consolidated Amended Complaint.

411.   Electrolux denies the allegations in Paragraph 411 of the Consolidated Amended Complaint.

412.   Paragraph 412 is an assertion that Electrolux can neither admit nor deny. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 412 of the Consolidated Amended Complaint.

## COUNT XXI

### Breach of Implied Warranty of Merchantability

413.   Electrolux answers Paragraph 413 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 412 of the Consolidated Amended Complaint, as set forth above.

414.   Paragraph 414 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 414 of the Consolidated Amended Complaint.

415.   Paragraph 415 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the allegations require a response, Electrolux admits that, for at least some of its dryers, it provided a limited implied warranty of merchantability that stated: "Implied warranties, including warranties of merchantability or fitness for a particular purpose, are limited to one year or the shortest period allowed by law." Electrolux denies the remaining allegations in Paragraph 415 of the Consolidated Amended Complaint.

416.   Paragraph 416 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the allegations require a response, Electrolux admits that, for at least some of its dryers, it provided a limited implied warranty of merchantability that stated: "Implied warranties, including warranties of merchantability or fitness for a particular purpose, are limited to one year or the shortest period allowed by law." Electrolux denies the remaining allegations in Paragraph 416 of the Consolidated Amended Complaint.

417.   Electrolux denies the allegations in Paragraph 417 of the Consolidated Amended Complaint.

418.   Electrolux denies the allegations in Paragraph 418 of the Consolidated Amended Complaint.

419.   Electrolux denies the allegations in Paragraph 419 of the Consolidated Amended Complaint.

420.   Electrolux denies the allegations in Paragraph 420 of the Consolidated Amended Complaint.

421.   Electrolux denies the allegations in Paragraph 421 of the Consolidated Amended Complaint.

422.   Electrolux denies the allegations in Paragraph 422 of the Consolidated Amended Complaint.

423.   Electrolux denies the allegations in Paragraph 423 of the Consolidated Amended Complaint.

424.   Electrolux denies the allegations in Paragraph 424 of the Consolidated Amended Complaint.

425.   Electrolux denies the allegations in Paragraph 425 of the Consolidated Amended Complaint.

## COUNT XXII

### Breach of Express Warranty

426.   Electrolux answers Paragraph 426 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 425 of the Consolidated Amended Complaint, as set forth above.

427.   Electrolux denies the allegations in Paragraph 427 of the Consolidated Amended Complaint.

428.   Electrolux denies any past or present knowledge of the defect in the Dryers because such a defect did not, and does not, exist. Electrolux states that its warranties speak for themselves, and Electrolux denies the allegations to the extent inconsistent with the warranty applicable to Plaintiff's dryer. Electrolux denies the remaining allegations of Paragraph 428 of the Consolidated Amended Complaint, if any.

429.    Electrolux states that its warranties speak for themselves, and Electrolux denies the allegations to the extent inconsistent with the warranty applicable to Plaintiff's dryer. Electrolux denies the remaining allegations of Paragraph 429 of the Consolidated Amended Complaint, if any.

430.   Electrolux states that its warranties speak for themselves, and Electrolux denies the allegations to the extent inconsistent with the warranty applicable to Plaintiff's dryer. Electrolux denies the remaining allegations of Paragraph 430 of the Consolidated Amended Complaint, if any.

431.   Electrolux denies the allegations in Paragraph 431 of the Consolidated Amended Complaint.

432.   Electrolux denies the allegations in Paragraph 432 of the Consolidated Amended Complaint.

433.   Electrolux denies the allegations in Paragraph 433 of the Consolidated Amended Complaint.

434.   Electrolux denies the allegations in Paragraph 434 of the Consolidated Amended Complaint.

435.   Electrolux denies the allegations in Paragraph 435 of the Consolidated Amended Complaint.

436.   Electrolux denies the allegations in Paragraph 436 of the Consolidated Amended Complaint.

437.   Electrolux denies the allegations in Paragraph 437 of the Consolidated Amended Complaint.

438.   Electrolux denies the existence of any defect in its Dryers. Electrolux is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 438 of the Consolidated Amended Complaint and therefore denies them.

439.   Electrolux denies the allegations in Paragraph 439 of the Consolidated Amended Complaint.

440.   Electrolux denies the allegations in Paragraph 440 of the Consolidated Amended Complaint.

441.   Electrolux denies the allegations in Paragraph 441 of the Consolidated Amended Complaint.

## COUNT XXIII

### Strict Product Liability

442.   Electrolux answers Paragraph 442 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 441 of the Consolidated Amended Complaint, as set forth above.

443.   Electrolux admits that it designed, researched, manufactured, tested, distributed, and sold to its trade customers, for re-sale to consumers, Dryers. Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 443 of the Consolidated Amended Complaint that Plaintiff and the putative class members used the Dryers, and therefore denies it. Electrolux denies the remaining allegations of Paragraph 443 of the Consolidated Amended Complaint.

444.   Electrolux admits that it expected the dryers to reach the usual consumers, handlers, and persons coming into contact with them without substantial change in the condition in which they were produced, manufactured, or distributed, but that Electrolux has no control over whether its products in fact did reach those persons without substantial change once the product left its control. Electrolux denies the remaining allegations in Paragraph 444.

445.   Electrolux denies the allegations in Paragraph 445 of the Consolidated Amended Complaint.

446.   Electrolux denies the allegations in Paragraph 446 of the Consolidated Amended Complaint.

447.   Electrolux denies the allegations in Paragraph 447 of the Consolidated Amended Complaint.

448.   Electrolux denies the allegations in Paragraph 448 of the Consolidated Amended Complaint.

449.   Electrolux denies the allegations in Paragraph 449 of the Consolidated Amended Complaint.

450.   Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 450 of the Consolidated Amended Complaint, and therefore denies them.

451.   Paragraph 451 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the allegations require a response, Electrolux generally admits that the law imposes duties and avers it has discharged all duties imposed by law. Electrolux denies all other allegations in Paragraph 451.

452.   Electrolux denies the allegations in Paragraph 452 of the Consolidated Amended Complaint.

453.   Electrolux denies the allegations in Paragraph 453 of the Consolidated Amended Complaint.

454.   Electrolux denies the allegations in Paragraph 454 of the Consolidated Amended Complaint.

455.   Electrolux denies the allegations in Paragraph 455 of the Consolidated Amended Complaint.

456.   Electrolux denies the allegations in Paragraph 456 of the Consolidated Amended Complaint.

457.   Electrolux denies the allegations in Paragraph 457 of the Consolidated Amended Complaint.

## COUNT XXIV

### Unjust Enrichment

458.   Electrolux answers Paragraph 458 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 457 of the Consolidated Amended Complaint, as set forth above.

459.   Electrolux denies the allegations in Paragraph 459 of the Consolidated Amended Complaint.

460.   Electrolux denies the allegations in Paragraph 460 of the Consolidated Amended Complaint.

461.   Electrolux denies the allegations in Paragraph 461 of the Consolidated Amended Complaint.

462.   Electrolux denies the allegations in Paragraph 462 of the Consolidated Amended Complaint.

463.   Electrolux denies the allegations in Paragraph 463 of the Consolidated Amended Complaint.

### NEW YORK

## COUNT XXV

### Violation of the New York Deceptive Acts and Practices Statute

464.   Electrolux answers Paragraph 464 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 463 of the Consolidated Amended Complaint, as set forth above.

465.   Paragraph 465 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 465.

466.   Paragraph 466 of the Consolidated Amended Complaint contains legal conclusions to which no response is required. To the extent that the allegations require a response, Electrolux admits that it conducts business in New York and denies the remaining allegations in Paragraph 466 of the Consolidated Amended Complaint.

467.   Electrolux denies the allegations in Paragraph 467 of the Consolidated Amended Complaint.

468.   Electrolux denies the allegations in Paragraph 468 of the Consolidated Amended Complaint. Electrolux also avers that every dryer manufactured by any manufacturer will accumulate lint and that it is impossible to design a dryer that does not accumulate some amount of lint. Further, Electrolux's Dryers were designed in complete compliance with all applicable industry standards and regulations.

469.   Electrolux denies the allegations in Paragraph 469 of the Consolidated Amended Complaint.

470.   Electrolux denies the allegations in Paragraph 470 of the Consolidated Amended Complaint.

471.   Electrolux denies the allegations in Paragraph 471 of the Consolidated Amended Complaint.

## COUNT XXVI

### Breach of Implied Warranty of Merchantability

472.   Electrolux answers Paragraph 472 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 471 of the Consolidated Amended Complaint, as set forth above.

473.   Paragraph 473 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the

allegations require a response, Electrolux denies the allegations in Paragraph 473 of the Consolidated Amended Complaint.

474.   Paragraph 474 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 474 of the Consolidated Amended Complaint.

475.   Paragraph 475 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the allegations require a response, Electrolux admits that, for at least some of its dryers, it provided a limited implied warranty of merchantability that stated: "Implied warranties, including warranties of merchantability or fitness for a particular purpose, are limited to one year or the shortest period allowed by law." Electrolux denies the remaining allegations in Paragraph 475 of the Consolidated Amended Complaint.

476.   Paragraph 476 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 476 of the Consolidated Amended Complaint.

477.   Electrolux denies the allegations in Paragraph 477 of the Consolidated Amended Complaint.

478.   Electrolux denies the allegations in Paragraph 478 of the Consolidated Amended Complaint.

479.   Electrolux denies the allegations in Paragraph 479 of the Consolidated Amended Complaint.

480.   Electrolux admits that Plaintiff McGowan contacted one of Electrolux's authorized service representatives or one of its authorized claims

representatives regarding a warranty claim. Electrolux denies the remaining allegations in Paragraph 480 of the Consolidated Amended Complaint.

481.   Electrolux denies the allegations in Paragraph 481 of the Consolidated Amended Complaint.

## COUNT XXVII

### Breach of Express Warranty

482.   Electrolux answers Paragraph 482 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 481 of the Consolidated Amended Complaint, as set forth above.

483.   Paragraph 483 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 483 of the Consolidated Amended Complaint.

484.   Paragraph 484 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the allegations require a response, Electrolux denies the allegations in Paragraph 484 of the Consolidated Amended Complaint.

485.   Electrolux denies the allegations in Paragraph 485 of the Consolidated Amended Complaint.

486.   Electrolux denies any past or present knowledge of the defect in the Dryers because such a defect did not, and does not, exist. Electrolux states that its warranties speak for themselves, and Electrolux denies the allegations to the extent inconsistent with the warranty applicable to Plaintiff's dryer. Electrolux denies the remaining allegations of Paragraph 486 of the Consolidated Amended Complaint, if any.

487.   Electrolux states that its warranties speak for themselves, and Electrolux denies the allegations to the extent inconsistent with the warranty applicable to Plaintiff's dryer. Electrolux denies the remaining allegations of Paragraph 487 of the Consolidated Amended Complaint, if any.

488.   Electrolux states that its warranties speak for themselves, and Electrolux denies the allegations to the extent inconsistent with the warranty applicable to Plaintiff's dryer. Electrolux denies the remaining allegations of Paragraph 488 of the Consolidated Amended Complaint, if any.

489.   Electrolux denies the allegations in Paragraph 489 of the Consolidated Amended Complaint.

490.   Electrolux denies the allegations in Paragraph 490 of the Consolidated Amended Complaint.

491.   Electrolux denies the allegations in Paragraph 491 of the Consolidated Amended Complaint.

492.   Electrolux denies the allegations in Paragraph 492 of the Consolidated Amended Complaint.

493.   Electrolux denies the allegations in Paragraph 493 of the Consolidated Amended Complaint.

494.   Electrolux denies the allegations in Paragraph 494 of the Consolidated Amended Complaint.

495.   Electrolux denies the allegations in Paragraph 495 of the Consolidated Amended Complaint.

496.   Electrolux admits that Plaintiff McGowan contacted one of Electrolux's authorized service representatives or one of its authorized claims representatives regarding a warranty claim. Electrolux denies the remaining allegations in Paragraph 496 of the Consolidated Amended Complaint.

497.   Electrolux denies the allegations in Paragraph 497 of the Consolidated Amended Complaint.

498.   Electrolux denies the allegations in Paragraph 498 of the Consolidated Amended Complaint.

## COUNT XXVIII

### Strict Product Liability

499.   Electrolux answers Paragraph 499 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 498 of the Consolidated Amended Complaint, as set forth above.

500.   Electrolux admits that it designed, researched, manufactured, tested, distributed, and sold dryers to its trade customers for re-sale to consumers. Electrolux admits that Plaintiff McGowan used her dryer. Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 500 of the Consolidated Amended Complaint that the putative class members used the dryers, and therefore denies it. Electrolux denies the remaining allegations in Paragraph 500 of the Consolidated Amended Complaint.

501.   Electrolux admits that it expected the dryers to reach the usual consumers, handlers, and persons coming into contact with them without substantial change in the condition in which they were produced, manufactured, or distributed, but that Electrolux has no control over whether its products in fact did reach those persons without substantial change once the product left its control. Electrolux denies the remaining allegations in Paragraph 501.

502.   Electrolux denies the allegations in Paragraph 502 of the Consolidated Amended Complaint.

503.   Electrolux denies the allegations in Paragraph 503 of the Consolidated Amended Complaint.

504.   Electrolux denies the allegations in Paragraph 504 of the Consolidated Amended Complaint.

505.   Electrolux denies the allegations in Paragraph 505 of the Consolidated Amended Complaint.

506.   Electrolux denies the allegations in Paragraph 506 of the Consolidated Amended Complaint.

507.   Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 507 of the Consolidated Amended Complaint, and therefore denies them.

508.   Electrolux denies the allegations in Paragraph 508 of the Consolidated Amended Complaint.

509.   Paragraph 509 of the Consolidated Amended Complaint contains a legal conclusion to which no response is required. To the extent that the allegations require a response, Electrolux generally admits that the law imposes specific duties and avers it has discharged all duties imposed by law. Electrolux denies all other allegations in Paragraph 509 of the Consolidated Amended Complaint.

510.   Electrolux denies the allegations in Paragraph 510 of the Consolidated Amended Complaint.

511.   Electrolux denies the allegations in Paragraph 511 of the Consolidated Amended Complaint.

512.   Electrolux denies the allegations in Paragraph 512 of the Consolidated Amended Complaint.

513.   Electrolux denies the allegations in Paragraph 513 of the Consolidated Amended Complaint.

514.   Electrolux denies the allegations in Paragraph 514 of the Consolidated Amended Complaint.

515.   Electrolux denies the allegations in Paragraph 515 of the Consolidated Amended Complaint.

516.   Electrolux denies the allegations in Paragraph 516 of the Consolidated Amended Complaint.

517.   Electrolux denies the allegations in Paragraph 517 of the Consolidated Amended Complaint.

518.   Electrolux denies the allegations in Paragraph 518 of the Consolidated Amended Complaint.

519.   Electrolux denies the allegations in Paragraph 519 of the Consolidated Amended Complaint.

520.   Electrolux denies the allegations in Paragraph 520 of the Consolidated Amended Complaint.

521.   Electrolux denies the allegations in Paragraph 521 of the Consolidated Amended Complaint.

## COUNT XXIV

### Unjust Enrichment

522.   Electrolux answers Paragraph 522 of the Consolidated Amended Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 through 521 of the Consolidated Amended Complaint, as set forth above.

523.   Electrolux denies the allegations in Paragraph 523 of the Consolidated Amended Complaint.

524.   Electrolux denies the allegations in Paragraph 524 of the Consolidated Amended Complaint.

525.   Electrolux denies the allegations in Paragraph 525 of the Consolidated Amended Complaint.

526.   Electrolux denies the allegations in Paragraph 526 of the Consolidated Amended Complaint.

527.   Electrolux denies the allegations in Paragraph 527 of the Consolidated Amended Complaint.

528.   Electrolux denies the allegations in Paragraph 528 of the Consolidated Amended Complaint.

## PRAYER FOR RELIEF

Electrolux denies that Plaintiffs are entitled to any of the relief they seek in subparagraphs A through K of their prayer for relief.

## ADDITIONAL GENERAL DENIAL

Electrolux generally denies each and every allegation contained in the Complaint to the extent that such allegations are not specifically admitted herein, and further denies that Plaintiffs are entitled to any sum of money or relief in connection with this litigation.

## DEFENSES

1.    Electrolux designates all of its denials of material allegations as defenses to the extent necessary to provide a complete defense.

2.    Plaintiffs' Consolidated Amended Complaint fails to allege facts sufficient to state any claim for which relief can be granted.

3.    The Consolidated Amended Complaint does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and therefore the putative class claims should be dismissed.

4.    Plaintiffs have failed to mitigate their damages, if any.

5.    Plaintiffs' claims are barred, in whole or in part, by the defenses of estoppel, laches, and waiver.

6.      Plaintiffs lack standing to pursue claims on behalf of absent class members under the state law of states other than where Plaintiffs reside.

7.      Upon information and belief, Plaintiffs' alleged damages were caused by negligent acts and omissions of persons or entities other than Electrolux, and whose acts and omissions constitute intervening and superseding causes.

8.      Any alleged damages were caused by and arose out of risks known to and assumed by the Plaintiffs.

9.      The claims alleged in the Consolidated Amended Complaint may be barred, in whole or in part, by the applicable statutes of limitations and repose.

10.      Plaintiffs and members of the putative class have failed to afford Electrolux adequate pre-suit notice of an alleged breach of any warranty, express or implied, or a reasonable opportunity to cure the alleged breach of any warranty.

11.      Plaintiffs and members of the putative class have failed to afford Electrolux and the affected State with the notice and demand required by certain State's statutory consumer protection statutes.

12.      California Plaintiffs' claims may be barred, in whole or in part, pursuant to California Civil Code § 1784 in that the alleged conduct was not intentional and constituted a bona fide error, if any, notwithstanding Electrolux's adoption of reasonable procedures and in that Electrolux has made (or will make) an appropriate correction, repair, or replacement in compliance with Civil Code § 1782 for those consumers who have presented or will present a legitimate claim.

13.      The product in question was covered by a written warranty that Plaintiffs accepted, that is limited in scope and time, and that does not cover the acts, omissions, or other matters complained of by Plaintiffs. Plaintiffs accepted the limited warranty in lieu of any other warranty or representation, express or implied. Therefore, Electrolux pleads the written warranty is a complete bar to Plaintiffs' claims.

14.     The complaint may be barred, in whole or in part, on the ground that some of the claims asserted herein by Plaintiffs, or sought to be asserted on behalf of absent members of the putative classes, must be submitted to binding arbitration pursuant to contracts that individual Plaintiffs or putative class members entered into.

15.     Plaintiffs' claims are barred, in whole or in part, by the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments and the Seventh Amendment's guarantee of a jury trial under the United States Constitution to the extent that Plaintiffs seek to extrapolate liability, causation, or damages on a class-wide basis, instead of proving liability, causation, and damages for each individual class member.

16.     Plaintiffs' claims are or may be barred, in whole or in part, because the damages alleged may have resulted from a substantial change in, abnormal use of, or misuse of the product.

17.     Electrolux conformed to the state of the art for the design, manufacture, and labeling of the dryer and no practical and technologically feasible designs were or are available for Electrolux's dryer that could have prevented the injuries or damages Plaintiffs are alleged to have suffered.

18.     Plaintiffs' claims are or may be barred, in whole or in part, because any and all products to which Plaintiffs refer in the Consolidated Amended Complaint conformed to the state of the art and existing industry standards for the design and manufacture of such similar products.

19.     Electrolux avers that the product alleged to be of its manufacture was not in the same, or substantially the same, condition at the time of any alleged fire as at the time of manufacture and sale.

20.     Electrolux avers Plaintiffs' or a third-party's spoliation of the product, its venting, or the site of the fire, or some combination of the foregoing,

and will request appropriate relief from the Court following the completion of discovery.

21.     Plaintiffs' claims are or may be barred, in whole or in part, because the utility of the product as marketed and sold outweighs any purported risk associated therewith.

22.     Electrolux is entitled to an off-set from any collateral sources, as permitted by statute and common law of each State.

23.     Plaintiffs' recovery may be barred or limited by the negligence of any nonparties at fault pursuant to statute and common law of each State.

24.     The Consolidated Amended Complaint and each of its causes of action are barred or limited, or Plaintiffs' recovery should be reduced, by Plaintiffs' negligence or fault, pursuant to the doctrine of comparative negligence or fault.

25.     Plaintiffs' Consolidated Amended Complaint fails to meet the pleading standards of Federal Rule of Civil Procedure 9(b), requiring a plaintiff to state with particularity the circumstances constituting fraud.

26.     Plaintiffs' claims for damages are barred, in whole or in part, because of the economic loss rule.

27.     Electrolux avers that the product that is the subject of the Consolidated Amended Complaint contained clear and adequate warnings and instructions that Plaintiffs or other users of the product failed to read or follow, which is a defense and a bar to any claim against Electrolux and which defense inures to the benefit of Electrolux.

28.     Plaintiffs' claims, including, without limitation, their breach of warranty, fraud, and tort claims, are or may be barred, in whole or part, because of improper installation, maintenance, use, or care of her dryer.

29.     To the extent Plaintiffs seek punitive damages, Plaintiffs have failed to state a claim for punitive damages under the pleading standards of each State.

30.     To the extent any part of Plaintiffs' Consolidated Amended Complaint may be construed as alleging or seeking recovery of punitive or exemplary damages, any such claim cannot be maintained unless the trial is bifurcated. Any award of punitive damages without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found, would violate Electrolux's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the constitutions, common law, and public policies of California, Illinois, Missouri, New York, and each of the other states.

31.     To the extent any part of Plaintiffs' Consolidated Amended Complaint may be construed as alleging or seeking recovery of punitive or exemplary damages, such a claim for punitive damages cannot be sustained, because an award of punitive damages under any state's laws that is not subject to a predetermined limit on the amount of punitive damages that a jury may impose, such as a maximum multiple of compensatory damages or a maximum amount, would violate the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution, Article 1, the Constitutions of California, Illinois, Missouri, New York, and the constitutions of other states that are interested in the subject matter of this lawsuit, and would be improper under the common law and public policies of California, Illinois, Missouri, New York, and of other states that are interested in the subject matter of this lawsuit.

32.     Plaintiffs' claim for punitive damages cannot be sustained, because an award of punitive damages by a jury that (a) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award; (b) is not adequately instructed on the limits on punitive

damages imposed by the applicable principles of deterrence and punishment; (c) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Electrolux; (d) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (e) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards, would violate due process and equal protection rights belonging to Electrolux and guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution, the Constitutions of California, Illinois, Missouri, New York, and by the constitutions of other states that are interested in the subject matter of this lawsuit, and would be improper under the common law and public policies of California, Illinois, Missouri, New York, and other states that are interested in the subject matter of this lawsuit.

33.     Any award of punitive damages based on anything other than the conduct of Electrolux in connection with the sale of the product that is the subject of Plaintiffs' claims would violate the due process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution, the Constitutions of California, Illinois, Missouri, New York, and the constitutions of other states that are interested in the subject matter of this lawsuit, and would be improper under the common law and public policies of California, Illinois, Missouri, New York, and of other states that are interested in the subject matter of this lawsuit, because any other judgment for punitive damages in this case cannot protect Electrolux against impermissible multiple punishment for the same wrong and punishment for extra-territorial conduct in jurisdictions where the conduct is legally proper. In addition,

any such award would violate the Commerce Clause of the U.S. Constitution and principles of comity under the laws of California, Illinois, Missouri, New York, and of other states.

34.    Electrolux reserves the right to add defenses as they become known through the course of discovery and further investigation.

## JURY DEMAND

Electrolux demands a trial by jury on all issues so triable.

WHEREFORE, Electrolux denies that Plaintiffs are entitled to any of the requested relief in the section of the Consolidated Amended Complaint titled "Prayer for Relief" and Electrolux requests that Plaintiffs' Consolidated Amended Complaint be dismissed with prejudice, that Plaintiffs take nothing, and that Electrolux be awarded its costs and attorneys' fees incurred in the defense of this action, according to any applicable law.


Dated: June 3, 2013                    Respectfully submitted,

                                       Wheeler Trigg O'Donnell LLP


                                       By: *s/ Kenneth E. Stalzer*
                                           Kenneth E. Stalzer
                                           of Wheeler Trigg O'Donnell LLP

                                       Attorney for Defendant,
                                       Electrolux Home Products, Inc.

## **CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on June 3, 2013, I electronically filed the foregoing **ANSWER OF DEFENDANT ELECTROLUX HOME PRODUCTS, INC. TO CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Stephen J Fearon, Jr**
  stephen@sfclasslaw.com

- **Dawn M Goulet**
  dmg@wexlerwallace.com

- **Matthew P Kanny**
  Mkanny@manatt.com,bscoggins@manatt.com

- **Amy E Keller**
  aek@wexlerwallace.com

- **Gretchen M Nelson**
  gnelson@kreindler.com,pdavis@kreindler.com

- **Jessica G Scott**
  scott@wtotrial.com

- **Mark E Silvey**
  mark@gregcolemanlaw.com

- **Kenneth E Stalzer**
  stalzer@wtotrial.com,wallace@wtotrial.com

- **Edward A Wallace**
  eaw@wexlerwallace.com

- **Michael T Williams**
  williams@wtotrial.com,avila@wtotrial.com,miller@wtotrial.com,
  jin@wtotrial.com

- **Adina L Witzling**
  awitzling@manatt.com,ndehnadi@manatt.com

_s/ Kenneth E. Stalzer_
Kenneth E. Stalzer