GRETCHEN M. NELSON (112566)
Email: gnelson@kreindler.com
KREINDLER & KREINDLER LLP
707 Wilshire Boulevard, Suite 4100
Los Angeles, CA 90017-3613
Telephone: (213) 622-6469
Facsimile: (213) 622-6019

[*Additional counsel appear on signature page*]

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

SHAWN ROBERTS, *et al.*, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

ELECTROLUX HOME PRODUCTS, INC.

Defendant.

This Document Relates to All Actions

Master File No. SACV12-1644-CAS(VBKx)

CLASS ACTION

**SHAWN ROBERTS' AND NICOLE HORTON'S MOTION FOR LEAVE TO WITHDRAW AS NAMED PLAINTIFFS**

The Honorable Christina A. Snyder

Date: August 19, 2013

Time: 10:00 a.m.

Place: Courtroom 5—Second Floor

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**NOTICE IS HEREBY GIVEN** that Plaintiffs Shawn Roberts and Nicole Horton (collectively, "Plaintiffs") will and hereby do move for an order granting leave to withdraw as named plaintiffs in this action.

This application is made and based on this Motion, the memorandum of points and authorities in support thereof, the accompanying Declaration of Gregory F. Coleman ("Coleman Decl."), and the accompanying Declaration of Dawn M. Goulet ("Goulet Decl.").

This motion is made following several attempts to meet and confer with opposing counsel to avoid this motion practice, including an in-person conference held on May 23, 2013.

Dated: July 17, 2013

By: /s/ Amy E. Keller

**WEXLER WALLACE LLP**
EDWARD A. WALLACE
AMY E. KELLER
DAWN M. GOULET
eaw@wexlerwallace.com
aek@wexlerwallace.com
dmg@wexlerwallace.com
55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

**KREINDLER & KREINDLER LLP**
GRETCHEN NELSON
gnelsen@kreindler.com
707 Wilshire Boulevard
Los Angeles, California 90017
Telephone: (213) 622-6469
Facsimile: (213) 622-6019

**HANSEN REYNOLDS DICKINSON CRUEGER LLC**
ERIN DICKINSON
CHARLES CRUEGER
erin@hrdc-law.com
charles@hrdc-law.com
316 North Milwaukee Street, Suite 200
Milwaukee, Wisconsin 53202
Telephone: (414) 455-7676
Facsimile: (414) 273-8476

**GREG COLEMAN LAW PC**
GREGORY F. COLEMAN
MARK E. SILVEY
greg@gregcolemanlaw.com
mark@gregcolemanlaw.com
Bank of America Center
550 Main Avenue, Suite 600
Knoxville, Tennessee 37902
Telephone: (865) 247-0080
Facsimile: (865) 522-0049

*Attorneys for the Plaintiffs and the Classes*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SHAWN ROBERTS'AND NICOLE HORTON'S MOTION FOR LEAVE TO WITHDRAW AS NAMED PLAINTIFFS**

Plaintiffs' counsel informed Defendant Electrolux Home Products, Inc. ("Electrolux" or "Defendant") that Plaintiffs Shawn Roberts and Nicole Horton sought to withdraw from this case because they were unable to perform their duties as class representatives due to personal and family health reasons. Electrolux objected to their Notice of Withdrawal and demanded the right to take their depositions as a condition for their being allowed to withdraw as class representatives. Because forcing a named plaintiff to remain a part of litigation under these circumstances implicates serious due process concerns, Plaintiffs' Notice of Withdrawal should be deemed effective or—in the alternative—the Court should grant Plaintiffs' motion for leave to withdraw.

## I. BACKGROUND

This class action was filed on September 27, 2012, by Plaintiffs Roberts and Horton on behalf of putative nationwide and California classes of consumers who purchased Defendant's allegedly dangerous and defective Dryers. ECF No. 1. Roberts and Horton timely served their objections and responses to Defendant's written discovery requests on March 4, 2013, and simultaneously produced the small number of responsive documents in their possession. In late February, Electrolux asked Plaintiffs' counsel to propose deposition dates in late March or early April for plaintiffs in this action as well as for the plaintiffs in *Humphrey v. Electrolux Home Prods., Inc.*, No. 12-cv-00157-DPM (E.D. Ark) ("*Humphrey*") and *McGowan v. Electrolux Home Prods., Inc.*, No. 12-cv-05019-VMEC

(E.D.N.Y.) ("*McGowan*").[1] (E-mail from Stalzer to Keller, *et al*., Feb. 26, 2013, Exhibit 1 to Goulet Decl.) Plaintiffs' responded with proposed dates in April for Roberts and Horton (E-mail from Goulet to Stalzer, *et al*., March 1, 2013, Exhibit 2 to Goulet Decl.), but counsel for Electrolux elected to take the other two Plaintiffs' depositions first and stated they would not be available to depose Mr. Roberts and Ms. Horton until May. (E-mail from Stalzer to Goulet, *et al*., March 8, 2013, Exhibit 3 to Goulet Decl.) The parties proceeded with the other two Plaintiffs' depositions and further efforts to schedule the Roberts/Horton depositions were not made by either party. Electrolux never noticed their depositions.

On May 6, 2013, the parties entered into a stipulation by which they agreed to transfer the *McGowan* New York action to this Court to be consolidated with this case. *See* Stipulation to Consolidate, File Consolidated Amended Complaint, and Amend Scheduling Order (ECF No. 70). The parties additionally agreed to the submission, by May 20, 2012, of a Consolidated Amended Class Action Complaint ("Consolidated Complaint") that would assert claims on behalf of Plaintiffs Roberts, Horton, McGowan, and additional named plaintiffs from California, Illinois, and Missouri. *Id.* at 2.

Shortly before the Consolidated Complaint was filed, Plaintiffs' counsel learned that Mr. Roberts and Ms. Horton were unable to continue with the case because personal and family health reasons prevented them from being able to adequately carry out their duties as class representatives, something that, due to difficulties in reaching the Plaintiffs, was not confirmed until just before the filing

---

[1] Three class actions were filed against Electrolux related to the defective design of its ball-hitch dryers. Of the three, two remain pending: *McGowan* was later consolidated into this action, and the *Humphrey* case remains pending in the Eastern District of Arkansas.

deadline. (*See* Coleman Decl.) Plaintiffs accordingly filed their Consolidated Complaint without Roberts and Horton (ECF No. 74) and at the same time filed a Notice of Withdrawal stating Mr. Roberts' and Ms. Horton's desire to no longer serve as named plaintiffs in the action (ECF No. 73).

On May 23, 2013, counsel for the parties gathered in Chicago for a lengthy meet and confer regarding a number of discovery issues. At this meeting, Counsel for Electrolux raised concerns regarding the withdrawal of Roberts and Horton. Plaintiffs' counsel explained that their withdrawal from the case was not the result of any strategic maneuvering on Plaintiffs' part, but simply due to their inability to fulfill their duties as class representatives. (*See* Coleman Decl.)

Despite the explanation that was provided to them, and despite other attempts by Plaintiffs' counsel to discuss this issue with Electrolux's counsel, on June 14, 2013, Electrolux filed objections to the Notice of Withdrawal, in which it insists that Mr. Roberts and Ms. Horton "continue to be named Plaintiffs in this action, subject to all discovery and other proceedings." (ECF No. 81.) On that same day, Electrolux served Plaintiffs' counsel with a Notice of Video Deposition for both Shawn Roberts and Nicole Horton. Because Plaintiffs Roberts and Horton are unable to fulfill the duties of class representatives in this litigation, their notice of withdrawal should be deemed effective and they should be treated as absent class members—especially in light of the fact that Plaintiff Shannon Carty is willing and able to represent the putative California classes.

## II. ARGUMENT

Defendant's objections to Plaintiffs Notice of Withdrawal should be overruled, and the Notice should either be deemed effective or the Court should grant this motion for leave to withdraw as named plaintiffs. Rule 23 of the Federal Rules of Civil Procedure requires that a class representative's interests be congruent with those of the class. *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S.

326, 331 (1980) (stating that class representatives must "represent the collective interest of the putative class" in addition to their own private interests). Named plaintiffs must therefore be able to represent adequately the interests of the absent class members. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) ("[T]he Due Process Clause . . . requires that the named plaintiff at all times adequately represent the interests of the absent class members."); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a judgment which binds them."). If they are unable to do so, "due process requires their withdrawal as class representatives." *In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409, 2004 U.S. Dist. LEXIS 22132, *4 (S.D.N.Y. Nov. 3, 2004).

The withdrawal of Mr. Roberts and Ms. Horton is proper, especially here, where Ms. Carty is able to continue representing the California classes. *See, e.g., Doe v. Ariz. Hosp.*, No. CV 07-1292-PHX-SRB, 2009 U.S. Dist. LEXIS 42871, *52 (D. Ariz. Mar. 19, 2009) ("The Court sees no convincing reason for the imposition of conditions on [plaintiff's] withdrawal like those suggested by [defendant]. Such conditions seem particularly unnecessary in light of the fact that there are currently three identified class representatives who could be—and, in at least one case, already have been—deposed in her stead."); *In re Avon Sec. Litig.*, No. 91 Civ. 2287 (LMM), 1998 U.S. Dist. LEXIS 18642, *30-31 (S.D.N.Y. Nov. 19, 1998) (plaintiffs' counsel were able to locate suitable substitute plaintiffs after named plaintiff withdrew as a class representative).

Courts have found that, "absent a good reason . . . . a plaintiff should not be compelled to litigate if it doesn't want to." *Organization of Minority Vendors v. Illinois C. G. R.R.*, No. 79 C 1512, 1987 U.S. Dist. LEXIS 14049 (N.D. Ill. Apr. 1, 1987) (motion to withdraw granted). Here, there is no "good reason" why Mr.

Roberts and Ms. Horton should be forced to continue litigating this case. The putative California classes continue to be represented by another named plaintiff, Shannon Carty, whose dryer also caught fire, and who alleges the same design defect that Mr. Roberts and Ms. Horton did. (ECF Nos. 75 at 3-4, 6, 39-53.) Further, Electrolux will not be prejudiced by allowing Mr. Roberts and Ms. Horton to withdraw, as the case remains pending in this Court, with the same California classes sought to be represented by Ms. Carty. *See Doe v. Ariz. Hosp.*, 2009 U.S. Dist. LEXIS 42871, *50 ("because there are several other identified class representatives, and the class has not yet been certified, Defendants in this case will not suffer the sort of prejudice that might stem from a later-stage withdrawal of a class representative"). The plaintiffs therefore respectfully request that Mr. Roberts and Ms. Horton be allowed to withdraw as named plaintiffs, so that Plaintiff Carty may be able to represent adequately the interests of the class members.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deem effective the Plaintiffs' Notice of Withdrawal, or—in the alternative—the Court should grant Plaintiffs' motion for leave to withdraw.

Dated: July 17, 2013

/s/ Amy E. Keller

EDWARD A. WALLACE
AMY E. KELLER
DAWN M. GOULET
**WEXLER WALLACE LLP**
eaw@wexlerwallace.com
aek@wexlerwallace.com
dmg@wexlerwallace.com
55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

GRETCHEN M. NELSON
**KREINDLER & KREINDLER LLP**
gnelsen@kreindler.com
707 Wilshire Boulevard
Los Angeles, California 90017
Telephone: (213) 622-6469
Facsimile: (213) 622-6019

ERIN DICKINSON
CHARLES CRUEGER
**HANSEN REYNOLDS DICKINSON CRUEGER LLC**
edickinson@hrdclaw.com
ccrueger@hrdclaw.com
316 North Milwaukee Street, Suite 200
Milwaukee, Wisconsin 53202
Telephone: (414) 455-7676
Facsimile: (414) 273-8476

GREGORY F. COLEMAN
MARK E. SILVEY
**GREG COLEMAN LAW PC**
greg@gregcolemanlaw.com
mark@gregcolemanlaw.com
Bank of America Center
550 Main Avenue, Suite 600
Knoxville, Tennessee 37902
Telephone: (865) 247-0080
Facsimile: (865) 522-0049

*Attorneys for the Plaintiffs and the Classes*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2013, I caused a true and correct copy of the foregoing to be served via electronic and U.S. Mail on the following counsel of record:

**Adina L. Witzling**
*Manatt Phelps and Phillips LLP*
695 Town Center Drive 14th Floor
Costa Mesa, CA 92626
(714) 371-2500
Fax: (714) 371-2550
awitzling@manatt.com

**Matthew P. Kanny**
*Manatt Phelps and Phillips LLP*
11355 West Olympic Blvd
Los Angeles, CA 90064
(310) 312-4000
Fax: (310) 312-4224
mkanny@manatt.com

**Michael T. Williams**
*Wheeler Trigg O'Donnell LLP*
370 Seventeenth Street Suite 4500
Denver, CO 80202
(303) 244-1800
Fax: (303) 244-1879
williams@wtotrial.com

**Jessica G. Scott**
*Wheeler Trigg O'Donnell LLP*
370 Seventeenth Street Suite 4500
Denver, CO 80202
(303) 244-1800
Fax: (303) 244-1879
scott@wtotrial.com

**Kenneth E. Stalzer**
*Wheeler Trigg O'Donnell LLP*
370 Seventeenth Street Suite 4500
Denver, CO 80202
(303) 244-1800
Fax: (303) 244-1879
stalzer@wtotrial.com

/s/ Amy E. Keller