UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1644 CAS (VBKx) | Date | August 14, 2013 |
|---|---|---|---|
| Title | SHAWN ROBERTS, ET AL. V. ELECTROLUX HOME PRODUCTS, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants |
| Not present | | Not present |

**Proceedings:** (IN CHAMBERS): MOTION FOR LEAVE TO WITHDRAW AS NAMED PLAINTIFFS (Docket #97, filed July 17, 2013)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of August 19, 2013 is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION AND BACKGROUND

On September 27, 2012, plaintiffs Shawn Roberts ("Roberts") and Nicole Horton ("Horton") filed this putative class action against defendant Electrolux Home Products, Inc. ("Electrolux"). Plaintiffs bring suit on behalf of themselves and national and California classes composed of consumers who purchased an Electrolux ball hitch clothes dryer ("the dryer"). Plaintiffs allege that the dryer contains a defect that causes it to start fires and otherwise misfunction.

On May 6, 2013, the parties filed a stipulation providing that this case would be consolidated with <u>McGowan v. Electrolux Home Prods., Inc.</u>, No. 12-cv-5019-VMEC (E.D. N.Y.), a related case that was filed in New York, and also providing that plaintiffs would file a Consolidated Amended Class Action Complaint on May 20, 2013. Dkt. #70. The Court approved this stipulation, and on May 22, 2013, plaintiffs filed their Consolidated Amended Class Action Complaint. Dkt # 71, 75.

Additionally, on May 20, 2013, plaintiffs filed a notice stating that Roberts and Horton sought to withdraw as the named plaintiffs in this action, and intended to participate in the case only as unnamed class members. Dkt. # 73. Roberts and Horton

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1644 CAS (VBKx) | Date | August 14, 2013 |
|---|---|---|---|
| Title | SHAWN ROBERTS, ET AL. V. ELECTROLUX HOME PRODUCTS, INC. | | |

seek to withdraw due to personal and family health concerns that arose in the beginning and middle of 2013. Specifically, Roberts' parents were recently diagnosed with heart failure and malignant melanoma, and Roberts' has recently begun suffering migraines and other health problems as complications from a 2011 surgery. Dkt. # 118, Roberts' Decl. ¶¶ 5 – 8. Due to his parent's health problems, Roberts frequently travels out of state to assist and provide care for his parents. Id. ¶¶ 5 – 6. Additionally, because Roberts' personal health problems can lead to crippling pain that can prevent him from accomplishing ordinary tasks such as driving, Horton, who is Roberts' fiancé, has been providing care and assistance to Roberts. Dkt. # 118, Horton Decl. ¶ 5. Horton and Roberts believe that due to the increased stress and responsibilities in their lives, they no longer have the time, energy, and focus to act as class representatives in this case. Horton Decl. ¶ 5; Roberts Decl. ¶ 8.

Another named plaintiff in this action, Shannon Carty, is a citizen of California, and stands willing and able to act as a putative representative of the California class should Roberts and Horton withdraw. Consolidated Amended Class Action Complaint ¶ 13.

**II.   DISCUSSION**

Electrolux does not oppose allowing Horton and Roberts to withdraw as named plaintiffs in this action. Instead, the only dispute between the parties pertains to whether Electrolux should be permitted to depose Horton and Roberts prior to their withdrawal.

Electrolux contends that it is common practice to allow named plaintiffs to withdraw from a class action only if they submit to a pre-withdrawal deposition. This practice is justified, according to Electrolux, because named plaintiffs often possess discovery information relevant to both the merits of the class claims and whether a class can be certified. Here, Electrolux argues that the manner in which Horton and Roberts installed and maintained their dryer is relevant to whether a class can be certified in this case.

When considering whether to permit a named plaintiff to withdraw from a class actions, courts have observed that "[a]bsent a good reason . . . a plaintiff should not be compelled to litigate if it doesn't wish to." Organization of Minority Vendors, Inc. v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1644 CAS (VBKx) | Date | August 14, 2013 |
|---|---|---|---|
| Title | SHAWN ROBERTS, ET AL. V. ELECTROLUX HOME PRODUCTS, INC. | | |

Illinois Central-Gulf R.R., 1987 WL 8997, at *1 (N.D. Ill. 1987).  Courts have therefore permitted withdrawal unless the request is made in bad faith or granting the request would result in undue prejudice to the defendant.  In re Vitamins Antitrust Litigation, 198 F.R.D. 296, 304 (D.D.C. 2000); Doe v. Arizona Hosp. and Healthcare Ass'n, 2009 WL 1423378, at *13 (D. Ariz. 2009).  When considering whether withdrawal would lead to sufficient undue prejudice, the following factors are relevant: (1) whether the defendants have expended efforts or made preparations that would be undermined by granting withdrawal, (2) the plaintiff's delay in prosecuting the action, (3) the adequacy of the plaintiff's explanation for why withdrawal is necessary, and (4) the stage of the litigation at the time the request is made.  In re Vitamins, 198 F.R.D. at 304; Arizona Hosp. and Healthcare Ass'n, 2009 WL 1423378 at *13.

     Here, the declarations submitted by Horton and Roberts demonstrate that their request to withdraw is made in good faith, and also evince compelling reasons to allow withdrawal.  The health and family concerns outlined in the declarations show that Horton and Roberts' continued participation in this case as named plaintiffs would not only be inappropriately burdensome on Horton and Roberts, but also would be contrary to the interests of the class, which must be represented by named plaintiffs who can vigorously prosecute the case.  Fed. R. Civ. Proc. 23(a)(4); Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998).  Moreover, there has been no delay in prosecuting this action, and because the request to withdraw has been made before either a motion for summary judgment or a motion for class certification, the timing of the request suggests that it should be granted.  Three of the factors therefore weigh strongly in favor of granting the request to withdraw.

     The remaining factor, whether Electrolux has expended efforts that would be undermined by permitting withdrawal, does not weigh against withdrawal.  While Electrolux contends that it should be permitted to take Horton and Roberts' deposition prior to withdrawal, it has not made any showing that it has expended significant time and energy preparing for these depositions.  Nor has Electrolux otherwise explained how any of its other preparations in this case would be undermined if Horton and Roberts are permitted to withdraw.  The Court therefore finds that Horton and Roberts should be permitted to withdraw, and need not sit for a deposition prior to withdrawal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1644 CAS (VBKx) | Date | August 14, 2013 |
|---|---|---|---|
| Title | SHAWN ROBERTS, ET AL. V. ELECTROLUX HOME PRODUCTS, INC. | | |

The authority upon which Electrolux relies in its briefing is not to the contrary. In fact, the decisions upon which Electrolux relies do not address requests to withdraw. Colorado Cross-Disability v. Abercrombie & Fitch Co., 2011 WL 5865059 (D. Colo. 2011); Dysthe v. Basic Research, LLC, 273 F.R.D. 625 (C.D. Cal. 2011); Fraley v. Facebook, Inc., 2012 WL 555071 (N.D. Cal. 2012). Instead, these decisions consider motions to compel a deposition or requests for a protective order, and reason that until a named plaintiff's motion to withdraw is granted, he or she remains a party to the case, and may therefore be deposed pursuant to Federal Rule of Civil Procedure 30(a). Colorado Cross-Disability, 2011 WL 5865059, at *2; Dysthe, 273 F.R.D. 625, 628 (C.D. Cal. 2011). Therefore, at best, these decisions stand for the proposition that a named plaintiff cannot avoid the obligation to sit for a deposition merely by filing a request to withdraw. Fraley, 2012 WL 555071, at * 2 (rejecting the argument that a plaintiff should be treated as functionally equivalent to an absent class member upon filing a request to withdraw). They do not stand for the proposition that a named plaintiff's withdrawal can be conditioned upon the plaintiff's willingness to sit for a deposition.

### III. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS Horton and Roberts' requests to withdraw as named plaintiffs.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |