1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| SHAWN ROBERTS, et al.; | Master File No. SACV12-1644-CAS(VBKx) |
|---|---|
| Plaintiffs, | CLASS ACTION |
| vs. | **PRELIMINARY APPROVAL ORDER** |
| ELECTROLUX HOME PRODUCTS, INC., | The Honorable Christina A. Snyder |
| Defendants. | |
| This Document Relates To: All Actions. | |

WHEREAS, the above captioned matter has come before the Court pursuant to the Parties' Joint Motion for Preliminary Approval of Class Settlement and Approval of Notice to Settlement Class (the "Motion");

WHEREAS Plaintiffs Shannon Carty, Matthew Downs, Stephen Gavic, Michelle McGowan, and Tammie Humphrey ("Plaintiffs"), by and through their counsel of record, have alleged in this putative class action that Electrolux-designed and –manufactured "ball-hitch" clothes dryers (the "Dryers") contain uniform design defects that permit lint to accumulate behind the drum in direct proximity to the heat source, where it can ignite and travel through the drum to a combustible plastic air duct and blower housing.

/ / /

WHEREAS Plaintiffs have asserted claims for negligence, breach of express and implied warranties, negligent failure to recall/retrofit, strict product liability, strict product liability for the failure to warn, unjust enrichment, and violation of several states' consumer protection laws.

WHEREAS the parties, desiring to resolve any and all disputes in this action, executed a settlement agreement dated April 30, 2014 (the "Settlement Agreement");

WHEREAS the Settlement Agreement does not constitute, and shall not be construed as or deemed to be evidence of, an admission of any fault, wrongdoing or liability by Defendant or by any other person or entity;

WHEREAS, the Settlement Agreement calls for the following benefits to be made available to all Settlement Class Members if the Settlement is approved:

(1) For all Settlement Class Members, a customer-instruct safety notice informing Settlement Class Members that lint accumulation in Dryers can cause fires, informing them of the importance of proper installation, use, and care of the Dryers, that the Dryers should be cleaned every 18 months, and the need to call for service if signs of restricted air flow are present; and

(2) For Settlement Class Members who experience a Dryer fire within the first 10 years after purchase, a cash payment in the amount of the class member's out-of-pocket expenses relating to the fire, up to the lesser of the Dryer's purchase price or $1,300;

(3) For Settlement Class Members who experience, within the first five years of purchase, a qualifying performance problem, a free Dryer cleaning service from an authorized service technician;

(4) For all Settlement Class Members,

    a. a cash rebate to assist in the purchase of a replacement Electrolux-brand or Frigidaire-brand clothes dryer or other

|     |     |                                                                                                           |
| --- | --- | --------------------------------------------------------------------------------------------------------- |
| 1   |     | home appliance (out of a selection of choices offered by                                                  |
| 2   |     | Electrolux), up to a maximum of $350 off the price; or                                                    |
| 3   | b.  | an online code that can be used to purchase new products (such                                            |
| 4   |     | as a vacuum cleaner, air cleaner, or appliance/cleaning                                                   |
| 5   |     | accessories) at up to a 20% discount from Electrolux's website                                            |
| 6   |     | www.electroluxappliances.com.                                                                             |

7  WHEREAS, the parties to the Settlement Agreement have jointly moved the
8  Court, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, for
9  certification for settlement purposes of a Settlement Class, a Past Dryer Fire
10 Subclass, and a Future Dryer Fire Subclass;

11 WHEREAS, the parties filed the Settlement Agreement with the Court and
12 jointly moved for preliminary approval of the Settlement Agreement pursuant to
13 Rule 23(e) of the Federal Rules of Civil Procedure, and for permission to
14 disseminate Notice to absent Settlement Class Members;

15 WHEREAS, the Court finds that it has jurisdiction over the subject matter
16 of this litigation and over all parties to this litigation, including all Settlement
17 Class Members for purposes of settlement, and that venue is proper in this district;

18 WHEREAS, the Court has considered the Settlement Agreement, the
19 proposed Notice Plan contained therein, and the other documents submitted in
20 connection with the parties' request for preliminary approval of the Settlement
21 Agreement;

22 WHEREAS, the Court conducted a preliminary approval hearing on May 5,
23 2014, is otherwise fully advised by the parties of the status of the litigation and the
24 terms and conditions of the proposed settlement, and good cause appearing
25 therefore;

26 **IT IS HEREBY ORDERED:**

27 1. This Preliminary Approval Order incorporates herein and makes a
28 part hereof, the Settlement Agreement, including the Exhibits thereto. Unless

otherwise provided herein, the terms defined in the Settlement Agreement shall have the same meanings for purposes of this Preliminary Approval Order.

**A.  Certification of the Settlement Class and Subclasses and Appointment of Class Representatives, Class Counsel, and a Settlement Administrator**

2.  The Court preliminarily finds that the proposed Settlement Class and Subclasses meet all the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes only.

a.  *Numerosity:*  The proposed Settlement Class and Subclasses are each sufficiently numerous that joinder of all Settlement Class Members into one suit would be impracticable;

b.  *Commonality:*  Common questions of law and fact exist for members of the proposed Settlement Class and each of the proposed Subclasses regarding Defendant's alleged conduct in designing, testing, marketing, and selling the Dryers.  Common questions additionally exist regarding whether that conduct amounts to negligence, breach of express and implied warranties, negligent failure to recall/retrofit, or violation of state consumer protection statutes, whether it should subject Defendant to liability under strict product liability standards, and whether Defendant has been unjustly enriched.  These issues are central to the claims Plaintiffs have asserted in this litigation and are sufficient to establish commonality.

c.  *Typicality:* Plaintiffs' claims are typical of the claims of members of the proposed Settlement Class and Subclasses they seek to represent.

d.  *Adequate Representation:* Plaintiffs' interests regarding the settlement of this litigation do not conflict with the interests of

3

absent members of the Settlement Class or Subclasses they seek to represent and are co-extensive with them. Additionally, the Court recognizes the experience of Class Counsel, has observed Class Counsel's prosecution of the litigation, and finds that the requirement of adequate representation of the proposed Settlement Class and Subclasses has been fully met.

e. *Rule 23(b)(3):*

   i. ***Predominance of Common Issues:*** The issues raised by Plaintiffs' common allegations predominate over any individual questions in the context of the settlement of this litigation, favoring class treatment at this juncture.

   ii. ***Superiority of the Class Action Mechanism:*** The class action mechanism is ideally suited for treatment of the settlement of this matter, as it promotes efficiency and uniformity of judgment.

3. In accordance with its power under Fed. R. Civ. P. 23(c), and pursuant to Fed. R. Civ. P. 23(b)(3), this Court hereby certifies the following Settlement Class and Subclasses for settlement purposes only and in accordance with the terms of the Settlement Agreement:

   a. ***Settlement Class:*** all residents of the United States who purchased or currently own, primarily for personal or household purposes, a Dryer.[1]

   b. ***Past Dryer Fire Subclass:*** all Settlement Class Members who experienced a Past Dryer Fire Event, defined as a fire in the

---

[1] Excluded from the Settlement Class are (a) officers, directors, and employees of Electrolux and its parents or subsidiaries, (b) insurers of Settlement Class Members, (c) subrogees or all entities claiming to be subrogated to the rights of a Dryer purchaser, a Dryer owner, or a Settlement Class Member, and (d) issuers or providers of extended Dryer warranties or service contracts.

4

[PROPOSED] PRELIMINARY APPROVAL ORDER
MASTER FILE NO. SACV12-1644-CAS(VBKx)

|   |   |   |
|---|---|---|
| 1 | | drum, behind the drum, in the lint screen or adjacent air duct |
| 2 | | and blower, or base of the Dryer that occurred within 10 years |
| 3 | | after the purchase date of the Dryer and caused the Settlement |
| 4 | | Class Member to incur some unreimbursed out-of-pocket |
| 5 | | expense, including, but not limited to, property damage, |
| 6 | | insurance deductible, or repair or replacement of their Dryer. |
| 7 | c. | ***Future Dryer Fire Subclass:*** all Settlement Class Members |
| 8 | | who experience a Future Dryer Fire Event, defined as after the |
| 9 | | Final Approval Order has been entered, but within the first 10 |
| 10 | | years after purchase of the Dryer, a fire occurs in the drum, |
| 11 | | behind the drum, in the lint screen or adjacent air duct and |
| 12 | | blower, or base of the Dryer and causes the Settlement Class |
| 13 | | Member to incur some unreimbursed out-of-pocket expense, |
| 14 | | including, but not limited to, property damage, insurance |
| 15 | | deductible, or repair or replacement of their Dryer. |

4. The Court preliminarily appoints the following individuals as class representatives for purposes of certification of the Settlement Class and Subclasses:

    a. Shannon Carty

    b. Matthew Downs

    c. Stephen Gavic

    d. Michelle McGowan

    e. Tammie Humphrey

5. The Court preliminarily finds that the following counsel fairly and adequately represent the interests of the Settlement Class and Subclasses and hereby appoints the following law firms as Class Counsel pursuant to Fed. R. Civ. P. 23(g): Edward A. Wallace, Amy E. Keller, and Dawn M. Goulet of Wexler Wallace LLP, 55 W. Monroe St. Suite 3300, Chicago, IL 60603; (2); Erin K.

Dickinson and Charles J. Crueger of Hansen Reynolds Dickinson Crueger, LLC, 316 N. Milwaukee St., Suite 200, Milwaukee, WI 53202; and Gregory F. Coleman of Greg Coleman Law, P.C., Bank of American Center, 550 Main Avenue, Suite 600, Knoxville, TN 37902.

### B. Preliminary Approval of the Settlement Agreement

6. Pursuant to Fed. R. Civ. P. 23(e), the terms of the Settlement Agreement dated April 30, 2014, including all Exhibits thereto, attached to the Motion, are hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below.

7. The Court preliminarily finds that the Settlement Agreement has been reached as a result of intensive, serious, and non-collusive arms-length negotiations. The Court preliminarily finds that counsel for the parties are able to reasonably evaluate their respective positions. The Court also preliminarily finds that settlement at this time will avoid additional substantial costs to all parties, as well as the uncertainty and risks that would be presented to the parties by further litigation of the claims resolved by the Settlement Agreement. The Court has reviewed the relief granted by the Settlement Agreement and recognizes the significant value to the Settlement Class of that relief.

8. If, for any reason, the Settlement Agreement ultimately does not become effective or is terminated as provided therein, this Order preliminarily certifying the Settlement Class shall be automatically vacated and Electrolux may fully contest certification of any class as if no Settlement Class had been certified. In addition, the Parties shall return to their respective positions in this lawsuit as they existed immediately before the Parties executed the Settlement Agreement, and nothing stated herein or in the Settlement Agreement shall be deemed an admission or waiver of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

### C. Selection of Settlement Administrator and Approval of Notice Plan

9. The Court finds that Kurtzman Carson Consultants ("KCC") is qualified to act as Settlement Administrator, charged with carrying out the duties outlined in the Settlement Agreement. KCC is hereby appointed as the Settlement Administrator.

10. The Court finds that the Notice Plan set forth in the Settlement Agreement (§ V. of that Agreement), which includes direct notice by e-mail and mail, publication in *People* and *Parade magazines*, as well as via Internet banners on Facebook, and the establishment of a settlement website created by the Settlement Administrator, which contains more detailed information, including a frequently asked questions section and a toll-free number that Settlement Class Members can call for additional information, meets the requirements of due process and Fed. R. Civ. P. 23(c) and (e), is the best notice practicable under the circumstances, and constitutes sufficient notice to all persons entitled to notice.

11. The Court further preliminarily finds that the Notice itself is appropriate, and complies with Rules 23(b)(3), 23(c)(2)(B), and 23(e) because it describes in plain language (1) the nature of the action, (2) the definition of the Settlement Class and Subclasses, (3) the class claims, issues or defenses, (4) that a class member may enter an appearance through an attorney if the member so desires, (5) that the Court will exclude from the class any member who requests exclusion, (6) the time and manner for requesting exclusion, and (7) the binding effect of a judgment on Settlement Class Members under Rule 23(c)(3) and the terms of the releases.

12. Accordingly, the Court approves the Notice Plan in all respects, and the parties and Settlement Administrator are directed immediately to disseminate Notice in substantial conformity with the Notices attached to the Settlement Agreement as Exhibits 3, 6, and 7, and the Notice Plan attached to the parties'

7

[PROPOSED] PRELIMINARY APPROVAL ORDER
MASTER FILE NO. SACV12-1644-CAS(VBKx)

Joint Motion as Exhibit B.

### D. Fairness Hearing

13. The Court directs that a hearing be scheduled for August 18, 2014, at 10:00 a.m. PDT, on final settlement approval (the "Fairness Hearing") before this Court, at the United States District Court for the Central District of California, 312 North Spring Street, Los Angeles, California 90012, to consider, *inter alia*, the following: (a) whether the Settlement Class and Subclasses should be certified for settlement purposes only; and (b) the fairness, reasonableness and adequacy of the Settlement. The parties shall file their motions, memoranda, or other papers regarding final approval, and proposed order granting final approval on or before August 8, 2014.

14. Members of the putative Settlement Class may file objections to the proposed Settlement and may attend and be heard at the Fairness Hearing; provided, however, that no objector shall be heard and no papers or briefs submitted will be accepted or considered by the Court unless, on or before July 28, 2014 any such objector: (1) has filed with the Clerk of the Court in writing a notice of any such objector's intention to appear personally, or, if such objector intends to appear by counsel, such counsel files a notice of appearance a description of the basis for the objector's objection and opposition, with any attached supporting documentation, and a list of any and all witnesses or experts who the objector intends to present to the Court; and (2) has served, on or before July 28, 2014, copies of such notice(s), statement(s), documentation, and list(s) together with copies of any other papers or brief(s) the objector files with the Court or wishes the Court to consider at the Fairness Hearing upon: (i) Settlement Class Counsel, Edward A. Wallace, Amy E. Keller, and Dawn M. Goulet of Wexler Wallace LLP, 55 W. Monroe St. Suite 3300, Chicago, IL 60603, and (ii) Michael T. Williams and Kenneth E. Stalzer of Wheeler Trigg O'Donnell LLP, 370 Seventeenth Street, Suite 4500, Denver, Colorado 80202, Counsel for Electrolux.

### E. Request For Exclusion From The Classes

15. The Court further directs that any class member wishing to exclude himself/herself/itself from the proposed Settlement Class must send, postmarked no later than July 28, 2014, a letter by mail to the Settlement Administrator expressing his/her/its wish to be excluded from the Settlement. The Notice must be signed by the class member or a person authorized to execute notice on behalf of the class member. The notice must contain the class member's name, address and telephone number.

16. Valid class opt-outs shall not be bound by the Settlement Agreement or a Final Order and Judgment.

### F. Absence of Any Admission; Denial of Any Wrongful Act or Omission and of Any Liability

17. The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Nothing contained in this Order, the Settlement Agreement, or any documents relating to the Settlement Agreement or the Settlement shall be construed, deemed, or offered as an admission by any Party, or by any member of the Settlement Class, for any purpose in any judicial or administrative action or proceeding, whether in law or equity. In entering this Order with this provision and other limiting provisions, this Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity, and requests that any court in any other jurisdiction reviewing, construing, or applying this Order implement and enforce each such limiting provision.

SO ORDERED.

DATED: May 5, 2014

*Christina A. Snyder*
Honorable Christina A. Snyder
United States District Judge