

Timothy R. Hanigan
LANG, HANIGAN & CARVALHO, LLP,
21550 Oxnard Street
Suite 760
Woodland Hills, California 91367
(818) 883-5644
trhanigan@gmail.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ROBERTS, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ELECTROLUX HOME PRODUCTS, INC. <br><br> Defendant. <br><br> This Document Relates to: ALL ACTIONS | Master File No. SACV12-1644-CAS(VBKx) <br><br> **CLASS ACTION** <br><br> **OBJECTION TO PROPOSED SETTLEMENT** <br><br> Judge:  Hon. Christina A. Snyder |

Class member Daniel Hall ("Hall" or "Objector") objects to this unfair proposed settlement as follows.

**Daniel Hall is a class member who has standing to object to this proposed settlement.**

As his attached declaration (Exhibit A, incorporated herein by reference as though set forth in full), Daniel Hall purchased a qualifying Electrolux product (a ball-hitch dryer) during the class period. Hall reserves the right to provide more evidence of his class member standing if necessary as providing such evidence is not required by the procedures or requirements to object and his declaration is being provided voluntarily. His current address is 1001 Harbor Lights Drive, Corpus Christi, Texas 78412; his telephone number is (361) 510-4981; and his email address is halldanielj@gmail.com. The class member and objector is represented by Timothy R. Hanigan, LANG, HANIGAN & CARVALHO, LLP, 21550 Oxnard Street, Suite 760, Woodland Hills, California 91367, telephone number (818) 883-5644.

Objector does not currently plan to attend the fairness hearing, but if he does, will appear through counsel to discuss matters raised in this objection. Objector does not intend to call any witnesses at the fairness hearing, but reserves the right to make use of all documents entered on to the docket by any settling party or objector. Objector reserves the right to cross-examine any witnesses who testify at the hearing in support of final approval or to supplement this objection if

the parties introduce new arguments for settlement approval or valuation after the objection deadline. Objector joins the objections and arguments of any other objectors or *amici* to the extent those objections are not inconsistent with this one. Objector objects to any settlement provision that purports to limit the right of class members to object or appeal.

The "FAQ Form" (which looks like a long form notice) contained on the settlement website (www.dryersettlement.com) provides in relevant part as follows:

> Your objection must contain: (1) the name of this lawsuit (Shawn Roberts et al. v. Electrolux Home Products, Inc., Case No. SACV12-1644-CAS(VBKx)); (2) your full name and current address; (3) whether, on the date of your written objection, you currently own a Dryer manufactured between January 1, 2002, and December 31, 2011; (4) the serial number and model number of your Dryer; (5) the specific reasons for your objection; (6) any evidence and supporting papers (including, but not limited to, all briefs, written evidence, and declarations) that you want the Court to consider in support of your objection; (7) your signature; (8) the date of your signature; and (9) if you plan to appear and speak at the Fairness Hearing, on your own or through your own lawyer, a statement indicating that it is your "Notice of Intent to Appear" at the Fairness Hearing. You must mail your written objection to the Court and send copies to Class Counsel and Counsel for Electrolux no later than July 28, 2014.

As an initial matter, Hall objects to any procedures or requirements to object that are inconsistent or different from those provided above. As one example only, the

home page of settlement website provides as follows: "Objection deadline: Received by July 28, 2014[.]" Hall objects to this inconsistent procedure and any other purported inconsistent requirement or procedure to object and likewise objects to any requirement or procedure to object that is not satisfied in this document as being unnecessary, unduly burdensome and calculated to drive down the number and quality of objections. Hall's signature and date of his signature is contained on his attached declaration, which is attached as Exhibit A and incorporated herein by reference. Hall is represented by counsel and as such he objects to any requirement that he personally sign and/or date his objection to the extent the above is interpreted to require that on the basis of vagueness, as well as the fact that it is unnecessary, unduly burdensome and calculated to drive down the number and quality of objections. Furthermore, Hall is a class member who bought a ball-hitch dryer during the class period and he objects to any procedure or requirement that would prevent him from objecting.

Objection is made to the claims process, which includes inadequate time to file most claims and a difficult, complicated claims process that requires the retention of documents that no one usually keeps, even though it appears Electrolux has records of who is in the class given what it says in the class notice, which claims process is calculated to drive down the number of claims and any money that will have to be paid out by Electrolux.

**Procedural history and a brief description of the settlement.**

This case was filed in September 2012 and settled in April 2014 after settlement discussions that started in late 2013. The essence of the complaint in this lawsuit is that certain dryers (ball-hitch dryers) made by the settling defendants are defectively designed and prone to fire because lint accumulates behind the drum in direct proximity to the heat source.

The settlement website states the settlement provides the following purported benefits for eligible Class Members:

> 1) A Cash rebate or online voucher code worth up to $350 off the purchase of a new Frigidaire – or Electrolux-brand home appliance or product; and/or 2) A free dryer cleaning service for eligible Dryers; and/or 3) Up to $1,300 for out-of-pocket expenses due to a fire in a Dryer.

The settlement agreement and the preliminary approval order list additional "class benefits," including a customer instructed safety notice and an "up to 20%" discount off of other Electrolux products. These documents also explain that the dryer cleaning service is only available to class members who had a qualifying performance problem within 5 years of the purchase date and the reimbursement of up to $1,300 in out of pocket expenses is subject to a 10 year from the date of purchase restriction as well as being limited to "the lesser of the dryer's purchase price or $1,300." Objection is made to the class notice on the basis that it fails to adequately describe the true settlement terms and that the mailed notice and the

summary provided in the FAQ FORM is misleading, incomplete and does not provide class members with sufficient information about whether they should stay in the class, exclude themselves or object.

The proposed settlement also states that it sets up two sub-classes: Past Dryer Fire Subclass and Future Dryer Fire Subclass. In addition, you can be a Settlement Class Member without belonging to either of the Past or Future Fire Subclasses, so in actuality there are three subclasses. All subclasses are represented by the same Class Counsel. The release of claims in favor of the settling defendants includes "all claims that have been or could have been brought in this class action lawsuit" and is extremely broad and encompasses virtually any claims short of personal injury claims.

**The proposed settlement is not fair, adequate and reasonable.**

"Both the class representative and the courts have a duty to protect the interests of absent class members." *Silber v. Mabon*, 957 F.2d 697, 701 (9th Cir. 1992). *See also In re Cardinal Health Inc. Sec. Litig.*, 528 F.Supp.2d 752, 757 (S.D. Ohio 2007) ("[T]he Court must zealously protect the class's interest by acting as a fiduciary for the class") (internal quotation omitted). The proposed settlement is not fair, adequate and reasonable and should be rejected by this Court because it does not protect the interests of the absent class members.

The non-fire settlement class members receive only coupons against future

purchases of Electrolux products and the misleading "up to" language is used extensively on the settlement website and in the class notice to inflate the perception of what class members will receive. The non-fire settlement class only receives "strings-attached" coupons that require the purchase of new products that not only provide no or illusory value to these class members, but they likely will serve as a profit center for Electrolux to the extent that they are used. Objection is made to the lack of credible evidence concerning the true value of these coupons. In any event, evidence should be submitted after the claims period is closed as to the exact face amount used of these coupons. It won't be much, and they are worth only a tiny fraction of their face value if anything.

With respect to the fire subclasses, the settlement simply sets up an adversary procedure with a difficult and stingy claims process that will ultimately fail to pay any appreciable amount of money to class members in settlement of the claims. Far worse, the settlement actually provides negative value for the fire subclass members. The value of the settlement is not measured by the face value of the payout, but rather on the incremental value of the settlement. Here, the incremental value of the settlement is negative because the fire subclasses already have the right to recover in an adversary process against Electrolux for damages caused by a fire, but those damages are not capped (as they are under this settlement) at the lesser of $1,300, the cost of the dryer or the unreimbursed, out-

of-pocket expenses (which purports to include insurance deductibles but does not include funds paid by an insurance company on behalf of the class member) proven by the class member (thereby preventing the recovery of the most significant part of the damages in many cases through contractually releasing claims for funds paid by homeowner's insurance policy's under the collateral source rule and by arbitrarily capping damages at the lesser of $1,300 or the cost of the dryer). A cap on damages caused by a fire at the lesser $1,300 or the cost of the dryer is outrageous and potentially caps millions of dollars in fire claims by class members. To make matters far worse, because claims for future fires are released, it is impossible for class members to make the decision whether to opt out or stay in the class because they do not know the most important piece of information: whether they will have a fire in the future and how much damage it will do. This provision is purely to prevent Electrolux from having huge catastrophic property damages claims in the future and Class Counsel is actually seeking attorneys' fees for giving Electrolux this absurdly broad and damaging release to the class that caps damages at a tiny fraction of what they might ultimately be and prohibits recovery for payments made by a collateral source. This settlement provides a broad release for future fire claims while actually eliminating existing rights of class members who have or might suffer a dryer fire. Not only should the Court wait to see the actual payout of claims to the fire

subclasses, it must calculate on a per class member basis the value of the claim the class member gave up.

In sum, the settlement provides negative or illusory value to the members of the class and is therefore not fair, adequate and reasonable.

**Class counsel and class representatives are not adequate representatives of the class.**

Class counsel and class representatives are not adequate representatives of the class. They have agreed to a settlement that enriches themselves at the cost of a settlement with illusory or even negative value. Class counsel, moreover, is attempting to represent the interests of three competing groups of class members, non-fire, past-fire and future-fire. Class counsel has failed to adequately represent the class as a whole and has also failed to represent the competing interests of these different sub-classes.

**Objection is made on the basis that the proponents of the settlement have not discharged their burden of proof with regard to Rule 23.**

Rule 23 requires proof of predominance and superiority. This is a national, state-law class action with myriad competing and different state laws and rights. The proponents of this settlement cannot satisfy their burden of proving predominance and superiority.

**Attorneys' fees and expenses sought are excessive.**

Class counsel seeks an excessive award of attorneys' fees and expenses of

over $8 million. This proposed award is excessive under both a lodestar or percentage of recovery methodology. Class counsel proposes that these fees amount to a 1.23 multiplier and that such a multiplier is reasonable under the ciscumstances. Objection is made to the woefully-inadequate summary of hours and hourly rates being provided to evaluate the lodestar. Objection is made that time spent after late-2013, when settlement appeared imminent should be discounted because the risks of litigation were no longer present. But most of all, the most important factor in evalauting the reasonableness of a lodestar is the success class counsel had for the class. Here, this is an illusory settlement or one that even has negative value. With respect to the percentage of recovery methodology, a 25% fee and expense number is reasonable if it is calculated based on the incremental value (which must subtract what the class is giving up) of what the class actually receives. A projection is not enough to make this calculation and at minimum, class counsel must wait until this data is in before even attempting to calculate their atttorneys' fees and expenses under a lodestar or percentage of recovery methodology. This settlement has negative or illusory value and Class Counsel should not be compensated for handing Electrolux a capped release for past and future fire claims that could prevent tens or hundreds of millions of dollars in damages to which the class may be entitled. To Objector's knowedge, no state law claim for damages caused by a fire in a defective product would over

be capped at $1,300 or the cost of the dryer. This so-called benefit is simply a cap on damages that substantialy harms the class. Objection is made that Class Counsel is inadequate and has violated its fiduciary duty to the class by agreeing to such an outrageous settlement.

**Daniel Hall prays that the proposed settlement be rejected by this Court.**

For the reasons stated above, Daniel Hall prays that this Court reject the proposed settlement and, in the event it is approved, to refuse to award attorneys' fees and expenses as sought by Class Counsel and at minimum wait until all claims data is in and provided to the Court, along with an evaluation of what each fire-subclass member gave up in terms of damages, before attempting to approve this settlement and/or calculating attorneys' fees and expenses awarded to class counsel.

Dated: July 28th, 2014           Respectfully submitted,

/s/ *Timothy R. Hanigan*
Timothy R. Hanigan
LANG, HANIGAN & CARVALHO, LLP,
21550 Oxnard Street
Suite 760
Woodland Hills, California 91367
(818) 883-5644
trhanigan@gmail.com

*Counsel for Objector*

## PROOF OF SERVICE

I hereby certify that on this day I electronically filed this objection and its attached declarations and exhibits using the CM/ECF filing system thus effectuating service of such filing on all ECF registered attorneys in this case.

I further certify that I mailed this objection and its attached declarations and exhibits to the following addresses.

Clerk's Office
United States District Court for the District of Central California
312 N Spring Street
Los Angeles, CA 90012

WHEELER TRIGG O'DONNELL LLP
Michael T. Williams *(pro hac vice)*
Email: williams@wtotrial.com
Jessica G. Scott *[pro hac vice)*
Email: scott@wtotrial.com
Kenneth E. Stalzer *(pro hac vice)*
Email: stalzer@wtotrial.com
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Telephone: (303) 244-1800
Facsimile: (303) 244-1879

Matthew P. Kanny (SBN 167118)
Email: mkanny@manatt.com
Noel S. Cohen (SBN 219645)
Email: ncohen@manatt.com
Manatt, Phelps & Phillips
11355 West Olympic Blvd.
Los Angeles, California 90064
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Attorneys for Defendant

Edward A. Wallace *(pro hac vice)*
Email: eaw@wexlerwallace.com
Amy E. Keller *(pro hac vice)*
Email: aek@wexlerwallace.com
Dawn M. Goulet *(pro hac vice)*
Email: dmg@wexlerwallace.com
Wexler Wallace LLP
55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

HANSEN REYNOLDS DICKINSON
CRUEGER LLC
ERIN DICKINSON
CHARLES CRUEGER
edickinson@hrdclaw.com
316 North Milwaukee Street, Suite 200
Milwaukee, Wisconsin 53202
Telephone: (414) 455-7676
Facsimile: (414) 273-8476

GREG COLEMAN LAW PC
GREGORY F. COLEMAN
greg@gregorycolemanlaw.com
Bank of America Center
550 Main Avenue, Suite 600
Knoxville, Tennessee 37902
Telephone: (865) 247-0080
Facsimile: (865) 522-0049

Attorneys for the Plaintiffs and the
Settlement Class

DATED this 28th Day of July, 2014

/s/ Timothy R. Hanigan
Timothy R. Hanigan

# EXHIBIT "A"

# DECLARATION OF DANIEL HALL IN SUPPORT OF OBJECTIONS TO CLASS ACTION SETTLEMENT
## *ROBERTS v. ELECTROLUX HOME PRODUCTS, INC.*

Comes now DANIEL HALL and states the following under oath and under penalty of perjury in support of his objection:

1. My name is Daniel Hall. I am over the age of eighteen (18) years. I have never been convicted of a felony. I am qualified and competent to make this affidavit.

2. The facts stated herein are within my personal knowledge.

3. My current address is 1001 Harbor Lights Drive, Corpus Christi, Texas 78412. My telephone number is (361) 510-4981 and my email address is halldanielj@gmail.com.

4. I swear that I have received and read the class definition and I am a class member.

5. On information and belief, to the best of my recollection, I purchased at retail a Frigidaire dryer during the class period between January 1, 2002 through December 31, 2011 for my home at 1001 Harbor Lights Drive, Corpus Christi, Texas 78412. I made this purchases at Appliance Mart located in Corpus Christi, Texas. I have personal knowledge that I owned and used a Frigidaire dryer, which is part of the class action lawsuit, on a daily basis in my home located at 1001 Harbor Lights Drive, Corpus Christi, Texas 78412. I am therefore a member of the Settlement Class.

6. I further have personal knowledge that I am a member of the Settlement Class because I received a class notice. However, since I sold the product on Craigslist sometime between January 1, 2014 and July 25, 2014, I cannot provide the Serial Number, Model Number, Manufacturing Date Code or photograph of the dryer in which the claim form requires me to do so, nevertheless, to the best of my memory and recollection I swear I am a member of the Settlement Class.

7. I am represented by Timothy R. Hanigan, LANG, HANIGAN & CARVALHO, LLP, 21550 Oxnard Street, Suite 760, Woodland Hills, California 91367, telephone number (818) 883-5644.

8. I object to the proposed settlement of *Roberts v. Electrolux Home Products, Inc.*, Case No. SACV12-1644-CAS(VBKx) for the reasons stated in my objection.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this the 25th day of July, 2014, at Corpus Christi, Texas.

_____
Daniel Hall

LEGAL NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

# If you purchased or currently own a clothes dryer manufactured by Electrolux (includes Frigidaire) between January 1, 2002, and December 31, 2011, you could get benefits from a class action settlement.

*Includes Frigidaire, White Westinghouse, Kelvinator, Gibson, Tappan, Crosley, and Kenmore Brands*

*Si usted desea obtener una copia de este documento en Español, visite el sitio www.DryerSettlement.com.*

A Settlement has been reached with *Electrolux Home Products, Inc.* ("Electrolux") about whether the company manufactured freestanding clothes dryers that contain a defect which may cause lint to build up and catch fire. Electrolux denies all of the claims in the lawsuit and maintains that its dryers are not defective. The Court has not decided who is right. Instead, both parties have agreed to settle the case. *This is only a summary of your legal rights. For more information, visit www.DryerSettlement.com.*

**What is the class action about?** The lawsuit claims that the Dryers contain defects that can cause them to catch on fire due to a buildup of lint inside them. The lawsuit further claims that Electrolux breached warranties, was negligent, violated various state consumer protection statutes and unlawfully profited from the sale of the Dryers. Electrolux denies that there is any defect in its Dryers or that the Dryers pose any unreasonable fire hazard to consumers. Electrolux also denies that it violated any law or engaged in any wrongdoing.

**Who is included in the Settlement?** Electrolux's records show that you may be a member of the Settlement Class. The "Settlement Class" or "Class Members" include all U.S. residents who, for personal or household use, purchased or currently own a Frigidaire, Kenmore, White Westinghouse, Kelvinator, Gibson, Crosley, or Tappan-brand "ball-hitch" freestanding clothes dryer manufactured by Electrolux in Webster City, Iowa, between January 1, 2002 and December 31, 2011 (these types of dryers have serial numbers beginning with "XD," and can be identified by the design of the Dryers' drum—go to www.DryerSettlement.com to see if you have one of these Dryers). The Settlement also includes two smaller Settlement Subclasses consisting of Class Members who (a) have experienced a Dryer fire, or (b) experience a Dryer fire in the future.

**What does the Settlement provide?** The Settlement provides a variety of benefits including free dryer cleaning services to remove lint build-up in the Dryers that may cause fires, up to $1,300 in cash reimbursements for past or future dryer fires, a rebate of up to $350 off the purchase of a new Frigidaire or Electrolux brand clothes dryer (which do not contain the alleged defects) or home appliance, and up to $350 off the purchase of new products from www.ElectroluxAppliances.com. Electrolux will not cap or limit the benefits available under this Settlement. The Settlement also requires Electrolux to publish a customer safety notice informing customers and Settlement Class Members that lint in dryers may build up and increase the risk of fires. *The Settlement does not require you to release any personal injury or property damage claims, other than damage to the Dryer itself, you have against Electrolux.*

**How do you ask for benefits?** You must complete and submit a Claim Form with any required documents by **December 15, 2014.** You can complete and submit your Claim Form online at www.DryerSettlement.com or print one from the website and mail it to the address on the form. Claim Forms are also available by calling 1-888-541-4923, sending an email to Administrator@DryerSettlement.com or writing to the Electrolux Dryer Settlement Administrator.

**Your other options in this Settlement.** If you do nothing, your rights will be affected and you will not get any settlement benefits beyond receiving Electrolux's customer safety notice. If you do not want to be legally bound by the Settlement, you must exclude yourself from it by sending a letter to the Electrolux Dryer Settlement Administrator by **July 28, 2014.** Unless you exclude yourself, you will not be able to sue or continue to sue Electrolux for any claim resolved by the Settlement or released by the Settlement Agreement. If you exclude yourself, you cannot get any benefits from the Settlement. If you stay in the Settlement (*i.e.*, don't exclude yourself), you may object to it by **July 28, 2014** by filing a written objection with the Court, Class Counsel, and Defense Counsel.

**The Court's Fairness Hearing.** The U.S. District Court for the Central District of California, located at 312 North Spring Street, Los Angeles, California 90012, will hold a hearing in this case (*Roberts v. Electrolux Home Products, Inc.*, Case No. SACV12-1644-CAS(VBKx)) on August 18, 2014, at 10:00 a.m. PDT in Courtroom 5. At the fairness hearing the Court will decide whether to approve: (1) the Settlement; (2) Class Counsel's request for an award of attorneys' fees and reimbursement of costs—which will include at least $583,000 in costs incurred to-date and that continue to accrue, and the total amount of fees and costs requested will not exceed $8,000,000; and (3) incentive awards of $3,000 to each of the five Class Representatives. If approved, these fees, expenses and awards will be paid separately by Electrolux and will not reduce the benefits available to Class Members. You may appear at the hearing, but you do not have to. You may also hire your own attorney, at your own expense, to appear or speak for you at the hearing.

**More information.** For more information, including specific information on the proposed Settlement, filing a claim, excluding yourself, or filing objections, visit www.DryerSettlement.com, send an email to Administrator@DryerSettlement.com, or write to Electrolux Dryer Settlement Administrator, PO Box 43268, Providence, RI 02940-3268 or Class Counsel at 55 West Monroe Street, Suite 3300, Chicago, IL 60603 or call 1-888-541-4923.

**Do not contact the Court, Electrolux, or any appliance retailer or dealer for information about the Settlement.**

EXRSUM1

# FRIGIDAIRE

## Important Customer Safety Advisory

## Lint Buildup in Clothes Dryers Can Cause Fires

Fires can occur when lint builds up in the dryer or in the exhaust duct. Excessive lint buildup can block the flow of air, cause overheating, and result in a fire in some dryers. To help prevent fires:

- **Clean the lint screen/filter before or after drying each load of laundry.** If you notice that your laundry is still damp at the end of drying cycles that ordinarily would dry your laundry, or if you experience longer than normal drying times on automatic moisture sensing cycles, this may be a sign that lint has built up, blocking air flow. Clean your lint filter and call an authorized servicer to inspect and clean your dryer and exhaust duct and diagnose the cause of the problem. Call 1-877-435-3287 to schedule service with an Electrolux-authorized servicer.

- **Regularly inspect and clean the outdoor exhaust opening.** A clothes dryer produces combustible lint. The dryer must exhaust to the outdoors. Regularly inspect the outdoor exhaust opening and remove any accumulated lint around the outdoor exhaust opening and in the surrounding areas.

- **At least every 18 months have an authorized service technician clean inside the dryer cabinet, especially between the drum and cabinet, the lint screen housing, and exhaust duct, where lint can build up.** An excessive amount of lint buildup in these areas could result in inefficient drying and possible fire.

- **Replace flexible plastic or foil, accordion-type ducting material with rigid or semi-rigid metal duct.** Rigid or semi-rigid metal ducting provides maximum airflow and reduces the likelihood of a crushed or blocked vent. The flexible plastic or foil type duct is known to collapse, be easily crushed, and trap lint. These conditions will obstruct clothes dryer airflow and increase the risk of a fire.

- **Don't dry items that have been previously cleaned in or soaked with gasoline, cleaning solvents, or other flammable substances.** They could give off vapors that could ignite or explode.



Use rigid or semi-rigid metal ducting

At least every 18 months have an authorized service technician clean the exhaust duct and inside the dryer cabinet (including behind the drum and the lint screen housing)

Regularly inspect and clean the outdoor exhaust opening

Clean the lint screen/filter before or after each cycle

For more information, visit www.dryersettlement.com

EXRINS1

Timothy R. Hanigan
LANG, HANIGAN &
CARVALHO, LLP,
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367



RECEIVED
CLERK, U.S. DISTRICT COURT
JUL 31 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY



Clerk's Office
United States District Court for the
District of Central California
312 N Spring Street
Los Angeles, CA 90012