EDWARD A. WALLACE (*pro hac vice*)
AMY E. KELLER (*pro hac vice*)
DAWN M. GOULET (*pro hac vice*)
**WEXLER WALLACE LLP**
eaw@wexlerwallace.com
aek@wexlerwallace.com
dmg@wexlerwallace.com
55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

(*Additional Counsel Appear on Signature Page*)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SHAWN ROBERTS, et al.;<br><br>Plaintiffs,<br><br>vs.<br><br>ELECTROLUX HOME PRODUCTS, INC.,<br><br>Defendants. | Master File No. SACV12-1644-CAS(VBKx)<br><br>CLASS ACTION<br><br>**PLAINTIFFS' AND CLASS COUNSEL'S RESPONSE TO DANIEL HALL'S OBJECTION TO PROPOSED SETTLEMENT AND MOTION TO STRIKE OBJECTION AND FOR COSTS AND FEES**<br><br>Action Filed: September 27, 2012<br><br>The Honorable Christina A. Snyder<br><br>Date: August 18, 2014<br>Time: 10:00 a.m.<br>Courtroom: 5—2nd Floor |
| This Document Relates To: All Actions. | |

## I. INTRODUCTION

The objections lodged by Mr. Daniel Hall's attorneys (Timothy Hanigan and Christopher Bandas), who have made their careers as professional objectors to class action settlements, are frivolous, without foundational support and are made for no other purpose than to vexatiously multiply this litigation and hold a fair and hard fought settlement hostage for a price.[1] Indeed, Mr. Hall and his attorneys have repeated this practice in courts around the country. *See e.g., In re Cathode Ray Tube (CRT) Antitrust Litig.,* 281 F.R.D. 531 (N.D. Cal. 2012) ("Bandas is a professional objector who is improperly attempting to "hijack" the settlement of this case from deserving class members and dedicated, hardworking counsel, solely to coerce ill-gotten, inappropriate and unspecified "legal fees.". . . . [Bandas' and his clients'] attempt to inject themselves at the last minute into this eight year litigation constitutes an effort to extort money from the Class and/or Class Counsel."); *see also In re Groupon, Inc.,* 2012 U.S. Dist. LEXIS 185750 (S.D. Cal. Sept. 28, 2012)("Daniel J. Hall objects to the amount of the settlement fund as inadequate. However, this objection is general and conclusory, and thus the Court declines to address it")

The instant "objection" is no different. Indeed, the "objection" lodged by Hall's attorneys (Hall's attorneys have stated that he will not "personally sign and date his objection,") is nothing more than a collection of conclusory and unsupported allegations that fundamentally contradict the terms of the Settlement and call into question whether Mr. Hall or his attorneys have read the Settlement Agreement or otherwise acquainted themselves with its terms. Mr. Hall's

---

[1] *See, e.g.,* Order Striking Objections Due to Objectors' Lack of Standing, *In re Hydroxycut Mktg. and Sales Prac. Litig.*, No. 09md2087BTM(KSC), 09cv1088 BTM(KSC) (S.D. Cal.), ECF No. 1681 (Sept. 17, 2013) (describing a case in which Mr. Bandas represented an objector, setting the price to withdraw his objection at $400,000) (attached hereto as Exhibit A).

attorneys, however, refuse to make their client available for deposition or answer discovery regarding the bases for their meritless assertions, citing their own "unavailability," and stating that their client has no intention of appearing at the fairness hearing in this matter. Yet, Plaintiffs' counsel are now tasked with responding to an objection that so fundamentally misstates the Settlement that it is in violation of Federal Rule of Civil Procedure Rule 11 and is undoubtedly designed to set up a similarly frivolous appeal process. It is nothing more than an effort to extract a fee by threatening either denial of final approval or the delay an appeal can represent.

By filing a frivolous objection that directly contradicts the Settlement's terms, Mr. Hall's attorneys violate Rule 11 of the Federal Rules of Civil Procedure as well as 28 U.S.C.A. § 1927. As such, Plaintiffs request that this Court not only strike Hall's objection but require that Mr. Hall and his attorneys pay the costs and fees incurred in responding to it. At a minimum, the objection should be overruled.

## II. ARGUMENT

### A. Hall's Objections Should Be Stricken or Summarily Denied and Costs and Fees Awarded.

The objections lodged by Hall's professional objector attorneys are frivolous, without basis or merit and should be denied. They misstate the Settlement and are riddled with conclusory and unsupported assertions that flout both Federal Rule of Civil Procedure 11 and the Court's Order that all objections filed with the Court include "a description of the basis for the objector's objection." Preliminary Approval Order, ECF No. 150, at 9. The Court's order preliminarily approving the Settlement found that the Settlement was presumptively valid and reasonable and, therefore, Mr. Hall must satisfy a "heavy burden" in demonstrating that the Settlement is, in fact, unreasonable. *United*

3

PLAINTIFFS' AND CLASS COUNSEL'S RESPONSE TO DANIEL HALL'S OBJECTION TO PROPOSED SETTLEMENT AND MOTION FOR COSTS AND FEES
CASE NO. SACV12-1644-CAS(VBKx) CLASS ACTION

*States v. State of Or.*, 913 F.2d 576, 581 (9th Cir. 1990) (quotations omitted). Hall does nothing to satisfy this burden; he attaches no evidence or expert testimony and his submission lacks legal authority supporting his position.

Not only has Hall utterly failed to meet his burden, but his submission rests on a rendition of the Settlement Agreement so inaccurate that it violates Rule 11 of the Federal Rules of Civil Procedure. That Rule requires that representations to a federal court must be accurate, non-frivolous, have factual or evidentiary support, and not be presented for any improper purpose, such as harassment or delay. Fed. R. Civ. P. 11.

The duty to refrain from submitting pleadings for the improper purpose of vexatiously multiplying the proceedings in a case is further codified in 28 U.S.C.A. § 1927 which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C.A. § 1927. Section 1927 provides sanctions for bringing meritless motions that needlessly occupy the attention of the parties and the court. *Molski v. Mandarin Touch Rest.,* CV 04-0450 ER, 2006 WL 220154 (C.D. Cal. Jan. 18, 2006) (*citing Optyl Eyewear v. Style Companies,* 760 F.2d 1045 (9th Cir.1985)). In the context of § 1927, frivolousness is understood as "referring to legal or factual contentions so weak as to constitute objective evidence of improper purpose." *In re Girardi,* 611 F.3d 1027, 1062 (9th Cir.2010).

Here the objections filed by Mr. Hall's attorneys are premised on wild inaccuracies and unsupported conclusions that have no basis in fact. The objections are apparently made for no legitimate purpose other than delay,

4

PLAINTIFFS' AND CLASS COUNSEL'S RESPONSE TO DANIEL HALL'S OBJECTION TO PROPOSED
SETTLEMENT AND MOTION FOR COSTS AND FEES
CASE NO. SACV12-1644-CAS(VBKx) CLASS ACTION

harassment and vexatiously multiplying the litigation proceedings and should be stricken or overruled and costs and fees awarded.

**B.    Hall's Objections to the Settlement Rest On A False Rendition of the Settlement Terms.**

Hall's attorneys lodge two main substantive objections to the Settlement, both of which rest on a fundamental misstatement of the Settlement's terms. As such, both should be stricken under Rule 11 or overruled, with costs and fees awarded to Class Counsel for having to respond to such frivolous and blatantly inaccurate objections.

**1.    Consumers Who Suffer Fires Are Not Waiving their Rights to Recover for Property Damage or Personal Injury.**

Hall's attorneys first object to the Settlement because they allege that, by taking advantage of the Settlement, consumers who have or will suffer a fire in their Electrolux Dryers are waiving their rights to pursue property damage claims and are somehow capping the damages they may seek as a result of a fire. ECF No. 155 at 8. They argue, based on this flawed premise, that the Settlement actually provides "negative value" to the consumers who could otherwise have pursued property damage or personal injury claims. *Id.*

Even a cursory review of the Settlement shows that Hall's attorneys have **no basis** for making these statements. Indeed, the Settlement Agreement (in bold and italics) makes just the opposite clear; that by taking its benefits consumers are ***not*** releasing any claims for property damage or personal injury, that their damages for fires are not capped, and that the $1300 payment Electrolux has agreed to make is to compensate individuals who have suffered a fire for their economic losses (*i.e.*, the purchase price of their Dryers, with $1300 simply representing the most that these products retailed for between 2002 and 2012. The Notice includes the following unmistakable disclaimer:

> *The Settlement does **not** include, nor does it require you to release any claims you may have against Electrolux for personal injury or property damage other than to the Dryer, itself.*

ECF No. 145-2 at 59. The language of the Notice could not be more plain.

Despite the Notice's plain language, however, Hall's attorneys filed the instant objection, alleging the Settlement is not "fair, adequate or reasonable" because it "caps millions of dollars in fire claims by Class Members." Objection, ECF No. 155 at 8. Hall's attorneys' claim that the $1300 cash payments offered as part of the Settlement to reimburse Dryer Fire-Subclass members for the costs of their Dryers is "purely to prevent Electrolux from having huge catastrophic property damage claims in the future and [that] Class Counsel is actually seeking attorneys' fees for giving Electrolux this absurdly broad and damaging release." *Id.* However, this claim is directly contradictory to the plain bolded language of the Settlement Agreement and Notice. The arguments by Hall's attorneys based on this non-existent "cap" or "release" are either because they have not read the Settlement Notice or are deliberately misrepresenting its terms.

### 2. The Benefits Provided Under the Settlement to Class Members Who Do Not Experience Fires Are Not Limited to a "Discount."

Hall's attorneys similarly misrepresent the terms of the Settlement when they claim that the "the non-fire class only receives 'strings attached' coupons that require the purchase of new products." Objection at 7. In fact, the plain language of the Notice makes clear that this is not the case. ECF No 145-2. In addition to the cash rebates for the purchase of a new appliance or, in the alternative, significant discounts on other household products, the Settlement's plain terms provide numerous other real, tangible and valuable benefits to the *entire* Settlement Class aimed at the safety of the Settlement Class as a whole. *See* Class Counsel's Application for Attorneys' Fees and Expenses, ECF No. 153 at 9-13.

6

PLAINTIFFS' AND CLASS COUNSEL'S RESPONSE TO DANIEL HALL'S OBJECTION TO PROPOSED SETTLEMENT AND MOTION FOR COSTS AND FEES
CASE NO. SACV12-1644-CAS(VBKx) CLASS ACTION

For example, under the Settlement, Electrolux has created a Dryer cleaning program that pays for a service technician to come into Class Members' homes (including those who have not experienced fires) to clean lint from behind the Dryer drum, the specific area of the Dryers where Plaintiffs allege lint can accumulate and ignite. Settlement Agreement, ECF No. 147, at IV.B. Under the Settlement, Electrolux is also required—*for the first time*—to provide training and guidance to its authorized service technicians instructing them how to properly clean the Dryers by removing the Dryer drum and cleaning the lint near the heat source. *Id.* at IV.B.7. Contrary to Hall's allegations, this service is also available to members of the Class who have not yet experienced a fire. It is a safety measure that removes the lint from the area of the Dryer where Plaintiffs allege it can catch fire and therefore, is an important step in preventing the fires. Not only does preventing fires confer a huge benefit, but the dryer cleaning benefit that Hall ignores costs Electrolux on average of around $100 per customer. FEMA Report, "Clothes Dryer Fires in Residential Buildings" (2008-2010) ("FEMA Report")[2]; Declaration of Frank Bernatowicz, ECF No. 153-2, at 13.

Hall's attorneys also ignore that the Settlement requires Electrolux to send a Customer Instruct Safety Notice (separate from the Settlement Notice) *to all Dryer owners*. Settlement Agreement IV.A. In this notice, Electrolux is required to warn all Dryer owners that lint may accumulate behind the drums of these Dryers, that fires could occur as a result, and to provide specific cleaning instructions to avoid this fire hazard. *Id.* This notice is also published on the Settlement website and appears on Electrolux's and Frigidaire's own websites. This portion of the Settlement in fact provides the largest benefit to members of the Class, as it will

---

[2] *Available at*: http://www.usfa.fema.gov/downloads/pdf/statistics/v13i7.pdf.

7

PLAINTIFFS' AND CLASS COUNSEL'S RESPONSE TO DANIEL HALL'S OBJECTION TO PROPOSED SETTLEMENT AND MOTION FOR COSTS AND FEES
CASE NO. SACV12-1644-CAS(VBKx) CLASS ACTION

likely preventing future property damage, personal injuries and even deaths associated with future Dryer fires. FEMA Report at 4 (lint build-up leads to fires).

Hall's allegations claiming that "discounts" or "coupons" (terms he uses to describe the cash rebates paid by the Settlement) are the "only" benefit to the Non-Fire subclass are inaccurate, demonstrate what can only be a purposeful "misunderstanding" of the terms of the Settlement, and a fail to comply with the requirements of Rule 11.

### C. Hall's Objections to Attorney Fees Similarly Rest on a False Rendition of the Settlement's Terms.

Hall's attorneys call the requested attorney's fees in this matter "excessive." While they complain that the lodestar summaries provided are "woefully inadequate" (without explaining how they are inadequate) and that Class Counsel should not be compensated for hours they spent negotiating a settlement that they claim (with absolutely no support) was "imminent," their only substantive gripe appears to be that the fee is not justified because the settlement is somehow worthless, or provides what they term "negative value."[3] As fully discussed above, these misconceptions come either from a negligent or intentional misunderstanding of the relief provided for by the Settlement and are not arguments that should properly be considered in opposition to Class Counsel's request for fees.

---

[3] Hall's objection contains no support for the proposition nor does it provide any type of testimony or opinion—expert or otherwise—in support of his view that the Settlement creates "negative" or "illusory value." Therefore, his assertions about "value" amount to unsupported speculation that must not be considered. *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.,* No. 10ML 02151 JVS (FMOx), 2013 U.S. Dist. LEXIS 123298, 310-311 (C.D. Cal., July 24, 2013)(unsupported allegations regarding value when objectors had provided no expert testimony of their own not a basis for granting objections).

Moreover, Hall's entire argument about fees in relation to "value" ignores the proper measure of calculating fees under the law of this Circuit and the laws under which Plaintiffs brought their claims. Indeed, that law dictates that attorneys' fees in this matter be calculated with respect to lodestar plus a multiplier as opposed to a % of the *value* of the settlement. *See In re Bluetooth Headset Prods. Liab. Litig*, 654 F.3d 935, 941 (9th Cir. 2011) ("The 'lodestar method' is appropriate in class actions brought under fee-shifting statutes . . . where the relief sought—and obtained—is often primarily injunctive in nature and thus not easily monetized, but where the legislature has authorized the award of fees to ensure compensation for counsel undertaking socially beneficial litigation."); *In re Ferrero Litig.*, No. 11-cv-00205-KSC, 2012 U.S. Dist. LEXIS 94900, *10 (S.D. Cal. July 9, 2012), *aff'd*, No. 12-56469, 2014 U.S. App. LEXIS 13573 (9th Cir. July 16, 2014) (in a class action settlement providing for injunctive relief, "[t]he Court concludes that Plaintiffs are prevailing parties as the term is used in the fee-shifting provision of the Consumer Legal Remedies Act, and Class Counsel are thus entitled to a reasonable fee and expense award for their work."). *See also Seebrook v. The Children's Place Retail Stores, Inc.*, No. C 11-837 CW, 2013 U.S. Dist. LEXIS 171864 (N.D. Cal. Dec. 4, 2013) (attorneys' fees determined based upon lodestar method because the case sought the "enforcement of an important right affecting the public interest.").

Plaintiffs Application for Attorneys' Fees and Expenses sets out at length the reasonableness of Plaintiffs' lodestar and details the years of time and expense that Plaintiffs' counsel put into this case at their own risk. *See generally* ECF No. 153. It also details how a modest multiplier of 1.23 is certainly acceptable in this Circuit. *Id.* at 13. Hall cites no evidence or legal authority to contradict Plaintiffs' submission and his objection to Plaintiffs' attorneys' fees rests on false statements

9

PLAINTIFFS' AND CLASS COUNSEL'S RESPONSE TO DANIEL HALL'S OBJECTION TO PROPOSED SETTLEMENT AND MOTION FOR COSTS AND FEES
CASE NO. SACV12-1644-CAS(VBKx) CLASS ACTION

and inaccuracies. As such, his baseless objections should be stricken or denied and costs awarded.

### D. Hall's Argument that Class Counsel and the Class Representatives Are Not "Adequate" Lacks Merit.

Hall's argument that neither Class Counsel nor the Class Representatives are "adequate" to represent the Class consists of a handful of conclusory statements, again based in large part on his false rendition of the Settlement terms and unsupported belief that those terms create a "negative" or "illusory" value. It also rests on the inaccurate and unsupported premise that there exist "competing groups of class members." Objection at 9. Indeed, his objection appears to be prompted by the mere fact that there are multiple subclasses represented by the same counsel, something that is true of many if not most class action settlements. Hall's attorneys articulate no reason why these subclasses' interests conflict and the simple fact is they do not. The subclasses here are not competing for a finite amount of money. Indeed, there is no cap on the amounts Electrolux must pay out for past or future fire claims. Further, as the Settlement Notice makes clear, each of the subclass members are eligible for the various benefits offered under the Settlement including the cleaning service program, the safety education program and the cash rebates. No member of the Class is releasing any rights he or she may have to pursue property damage or personal injury loss. There simply is no conflict and, further evidencing the frivolous nature of Hall's objections, his attorneys cannot and do not point to one.

### E. Hall's Objection to the Claims Process Is without Merit.

Hall's attorneys lodge a general objection to "the claims process" that is conclusory and without support and does nothing to comply with this Court's order that objectors provide the basis for their objections. *See* Preliminary Approval Order, ECF 150 at 9. Indeed, although Hall's attorneys argue that the *seven-month*

10

PLAINTIFFS' AND CLASS COUNSEL'S RESPONSE TO DANIEL HALL'S OBJECTION TO PROPOSED SETTLEMENT AND MOTION FOR COSTS AND FEES
CASE NO. SACV12-1644-CAS(VBKx) CLASS ACTION

*claims process* and the *ten year window to submit future fire claims* is somehow "inadequate," their submission does nothing to indicate how this process could be improved or what an "adequate" process would consist of.

      The claims process is more than adequate. Indeed, consumers are given over seven months to make claims and an additional *two full years* to schedule Dryer cleanings and/or redeem cash rebates or discount codes. *See* Settlement Agreement, ECF No. 147 at IV.B6, IV.C.4 and IV.D.3. The fire claims period extends ten years (the useful life of a Dryer) from the sale of the last ball hitch design Dryers, or until 2022. *Id.* at IV.F.17. In addition to direct notice, the Claims Administrator conducted an extensive media plan, which will continue in the fall, with publications in national magazines such as *Parade* and *People*, as well as Internet advertisements on websites like Facebook.com and HGTV.com. Declaration of Carla A. Peak ("Peak Decl."), ECF No. 153 at ¶¶9-12; Declaration of Kenneth A. Stalzer ("Stalzer Decl."), ECF No. 162-1 at ¶3. The Settlement Administrator also established a settlement website, www.dryersettlement.com, where the notice, safety documents, and court filings are posted, and established a toll-free number for Settlement Class Members to learn more about the Settlement and request Claim Forms. Peak Decl. at ¶¶13-12. Hall's baseless attack on the adequacy of the claims process should be stricken or denied.

**F.**     **Hall's Attempt to Incorporate Other Objections by Reference Must Be Stricken.**

      The Court's Preliminary Approval Order states clearly that objections must be stated with particularity. ECF No 150 at 9. Hall's attorneys disregard this Order, stating that "the Objector joins the objections and arguments of any other objectors or *amici* to the extent those objections are not inconsistent with this one," with apparently no regard for what support those objections might have. Objection at 3. This type of "catch all" objection is impermissible, however, and should be

stricken. *See In Re Toyota Motor Corp., Unintended Acceleration,* No. 8:10 ML 02151 JVS (FMOx), 2013 U.S. Dist. LEXIS 123298 (C.D. Cal., July 24, 2013) ("the Court strikes those portions of any objection that purports to incorporate the objections raised by others in other documents. . . . the Court's Preliminary Approval Orders specifically required that 'any objection [state] in writing and include. . . the specific reasons what the Class member objects to the settlement (including any legal support)[and] any evidence or other information the objecting Class Member intends to rely on."). As in *In re Toyota*, the objection should be stricken.

### G. The Objections Asserted by Hall's Professional Objector Counsel Are Made for an Improper Purpose

The "objections" lodged by professional objectors on behalf of Mr. Hall, who no longer owns an Electrolux Dryer, are based on a false rendition of the terms of the Settlement, lack any foundation, and are utterly without merit. In short, they are frivolous and their only purpose is to vexatiously multiply the proceedings to improperly hijack the settlement for a fee.

This is certainly not the first time that Mr. Hall's attorneys have filed frivolous and, meritless "objections" to class action settlements. Indeed, Mr. Bandas's practice of doing so has been criticized by many state and federal courts around the country *See e.g. In re Cathode Ray Tube (CRT) Antitrust Litig.,* 281 F.R.D. at 533 n.4 (citing ECF No. 1089-1, an Appendix listing other courts' comments regarding Bandas's conduct); *In re CertainTeed Fiber Cement Siding Litigation,* Case No. 2:11-md-02270-TON, ECF No. 87-2 Ex. B at 55 (E.D. Penn. January. 29, 2014); *Brown v. Wal-Mart Stores, Inc.* No. 01 L 85 (Ill. Cir. Ct., 14th Judicial. Cir.) No. 01 L 85 ("Christopher Bandas. . . is a Texas lawyer well known for his practice of routinely filing objections in class action settlements across the country. . . . The Bandas Objection is a generic boilerplate objection prepared and

filed by attorneys working for their own personal benefit and not for the benefit of this Class or for those lawyers' client. The record before the Court demonstrates that Bandas is a professional objector who is improperly attempting to 'hijack' the settlement of this case from deserving class members and dedicated, hardworking counsel, solely to coerce ill-gotten, inappropriate and unspecified 'legal fees.'. . . . Bandas has filed virtually identical, frivolous objections in South Carolina, Iowa, Missouri and Florida in settlements of similar wage and hour class actions against Wal-Mart.")

This case is no different from the examples set forth above and the "objections" Mr. Bandas and Mr. Hanigan have lodged are no less frivolous. The initial filing of the objection by Mr. Hanigan, a less seasoned serial objector,[4] with Mr. Bandas only making an appearance as Class Counsel pushed Hanigan to make his client available for a deposition, is in fact indicative of Mr. Bandas's usual tactics. *See generally* Declaration of Gregory F. Coleman, ECF No. 167. *See In re: CertainTeed Fiber Cement Siding Litig.*, MDL No. 2270 (E.D. Pa.), Mem. of Law in Support of Pls.' Mot. for Final Approval, ECF No. 87-1 at 49 n.27 (detailing how Mr. Bandas "fully aware of his own reputation" with courts across the country, is forced to hide behind local counsel and ghostwrite objections). *See also* Exhibit B to the Declaration of Shanon Carson in that matter, ECF No. 87-2 (a lengthy table chronicling nearly a decade of Mr. Bandas's misconduct as a professional objector).

Repeat objectors to class action settlements can make a living simply by filing frivolous appeals and thereby slowing down the execution of settlements. The larger the settlement, the more cost-effective it is to pay the objectors rather than suffer the delay of waiting for an appeal to be resolved (even an expedited appeal). Because of these economic realities, professional objectors can levy what

is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors. Literally nothing is gained from the cost: Settlements are not restructured and the class, on whose behalf the appeal is purportedly raised, gains nothing.

Serial objectors like Attorneys Bandas and Hanigan know this to be true no matter how frivolous the "objections" they lodge. The Federal Rules of Civil Procedure and 28 U.S.C. §1927, however, do not allow for frivolous pleadings to be filed in federal court. There can be no proper purpose for the frivolous and meritless objections lodged by Mr. Hall's attorneys. As such, Plaintiffs request not only that these objections be stricken or denied but that Mr. Hall and his attorneys be required to pay the costs and fees associated with responding to this Objection.

### III. CONCLUSION

Based upon the foregoing—and for all of the reasons set forth in Plaintiffs Memorandum of Law in Support of the Parties Joint Motion for Final Approval (ECF No. 158) and Class Counsel's Application for Attorneys' Fees and Expenses and for Service Awards (ECF No. 153)—Plaintiffs and Class Counsel respectfully request that this Court enter a Final Approval Order (1) overruling these objections, (2) granting final approval of the Settlement, (3) granting final certification of the Settlement Class, (4) awarding Class Counsel the requested fees and expenses, (5) approving the requested incentive awards to the Class Representatives, (6) entering final judgment, and (7) require Mr. Hall and his Counsel to pay the costs and fees associated with responding to their Objection.

Dated: August 11, 2014

Respectfully submitted by: /s/ Amy E. Keller
Amy E. Keller

**WEXLER WALLACE LLP**
EDWARD A. WALLACE
AMY E. KELLER
DAWN M. GOULET
eaw@wexlerwallace.com
aek@wexlerwallace.com
dmg@wexlerwallace.com
55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

**KREINDLER & KREINDLER LLP**
GRETCHEN NELSON
gnelsen@kreindler.com
707 Wilshire Boulevard
Los Angeles, California 90017
Telephone: (213) 622-6469
Facsimile: (213) 622-6019

**HANSEN REYNOLDS DICKINSON CRUEGER LLC**
ERIN DICKINSON
CHARLES CRUEGER
edickinson@hrdclaw.com
ccrueger@hrdclaw.com
316 North Milwaukee Street, Suite 200
Milwaukee, Wisconsin 53202
Telephone: (414) 455-7676
Facsimile: (414) 273-8476

**GREG COLEMAN LAW PC**
GREGORY F. COLEMAN
MARK E. SILVEY
greg@gregcolemanlaw.com
mark@gregcolemanlaw.com
Bank of America Center
550 Main Avenue, Suite 600
Knoxville, Tennessee 37902
Telephone: (865) 247-0080

Facsimile: (865) 522-0049

*Attorneys for Plaintiffs and Settlement Class*

16
PLAINTIFFS' AND CLASS COUNSEL'S RESPONSE TO DANIEL HALL'S OBJECTION TO PROPOSED SETTLEMENT AND MOTION FOR COSTS AND FEES
CASE NO. SACV12-1644-CAS(VBKx) CLASS ACTION

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on August 11, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Amy E. Keller
Amy E. Keller

PLAINTIFFS' AND CLASS COUNSEL'S RESPONSE TO DANIEL HALL'S OBJECTION TO PROPOSED SETTLEMENT AND MOTION FOR COSTS AND FEES
CASE NO. SACV12-1644-CAS(VBKx) CLASS ACTION