EDWARD A. WALLACE (*pro hac vice*)
AMY E. KELLER (*pro hac vice*)
DAWN M. GOULET (*pro hac vice*)
**WEXLER WALLACE LLP**
eaw@wexlerwallace.com
aek@wexlerwallace.com
dmg@wexlerwallace.com
55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

(*Additional Counsel Appear on Signature Page*)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SHAWN ROBERTS, et al.;<br><br>                    Plaintiffs,<br><br>vs.<br><br>ELECTROLUX HOME PRODUCTS, INC.,<br><br>                    Defendants.<br><br>This Document Relates To: All Actions. | Master File No. SACV12-1644-CAS(VBKx)<br><br>CLASS ACTION<br><br>**DECLARATION OF GREGORY F. COLEMAN**<br><br>Action Filed: September 27, 2012<br><br>The Honorable Christina A. Snyder<br><br>Date: August 18, 2014<br>Time: 10:00 a.m.<br>Courtroom: 5—2nd Floor |

Pursuant to 28 U.S.C. § 1746, I, Gregory F. Coleman, declare as follows:

1. I am a member in good standing of the State Bar of Tennessee and am the principal at the law firm of Greg Coleman Law PC. I am admitted to practice *pro hac vice* in this matter. I make this declaration based on personal knowledge. If called upon to do so, I could and would testify competently to the truth of the matters stated herein.

### OBJECTOR DANIEL HALL

2. On August 2, 2014, the Notice of Deposition of Objector Daniel Hall was served on Mr. Hall's counsel, Timothy Hanigan, via U.S. Mail and electronic mail. Collective Exhibit 1 attached hereto consists of a true and accurate copy of the August 2, 2014 email to Timothy Hanigan with the attached Notice of Deposition.

3. On August 2, 2014, Timothy Hanigan advised "I leave for vacation today and will not return until August 17, 2014. I am then engaged through the end of August." Exhibit 2 attached hereto consists of a true and accurate copy of the August 2, 2014 email from Timothy Hanigan.

4. On August 4, 2014, I sent an email to Mr. Hanigan respectfully requesting that he make an accommodation by having someone in his office attend the deposition of Mr. Hall so that I can take Mr. Hall's deposition on behalf of the remaining class members who have not objected, and to understand the basis of his objection. I also requested he advise as to whether he will make Mr. Hall available for a deposition per the notice or otherwise withdraw the objection and send written notice to the Court of that withdrawal. Exhibit 3 attached hereto consists of a true and accurate copy of the August 4, 2014 email from me to Mr. Hanigan.

5. On August 5, 2014, I received a letter via facsimile transmission from Christopher Bandas with the following request: "Please produce records your client has that indicate whether Mr. Hall may be a member of the settlement class,

including but not limited to the specific records your client relied upon in deciding to send Mr. Hall the attached notice." There was no attachment to this letter. <u>Exhibit 4</u> attached hereto consists of a true and accurate copy of the August 5, 2014 letter from Christoper Bandas to me.

6. On August 6, 2014, I sent a letter to Mr. Bandas via facsimile transmission and U.S. mail (with a copy to Mr. Hanigan via email and U.S. Mail) stating: "I believe you may be operating under a misrepresentation that I represent Electrolux. ... please advise as soon as possible as to whether you intend to provide your client for the noticed deposition on August 11 ... . Please also advise whether you, Mr. Hanigan, and/or Mr. Hall intend to appear at the final approval hearing set for August 18, 2014 ... ." <u>Exhibit 5</u> attached hereto consists of a true and accurate copy of my August 6, 2014 letter to Mr. Bandas.

7. On August 7, 2014, I sent Mr. Bandas a letter via facsimile transmission and U.S. mail (with a copy to Mr. Hanigan via email and U.S. Mail) stating: "Please advise whether you will provide your client for deposition in accordance with the served notice." <u>Exhibit 6</u> attached hereto consists of a true and accurate copy of my August 7, 2014 letter to Mr. Bandas.

8. On August 8, 2014, I received a faxed letter from Mr. Bandas stating "Our client, a non-party ..., has not been served with a subpoena compelling his attendance to any deposition pursuant to Federal Rules of Civil Procedure 45. Because our client is not a party to this litigation compliance with Rule 45 is mandatory. Our firm is not authorized to waive service of a subpoena on Mr. Hall and will not present him for deposition on the 11th of August." <u>Exhibit 7</u> attached hereto consists of a true and accurate copy of Mr. Bandas' August 8, 2014 letter to me.

**OBJECTORS JOYCE MILLER AND KRISTINA K. NEWMAN**

9. On August 2, 2014, the Notice of Deposition of Objector Joyce Miller and Amended Notice of Deposition of Objector Joyce Miller was served on Ms.

2

DECLARATION OF GREGORY F. COLEMAN
MASTER FILE NO. SACV12-1644-CAS(VBKx)

1  Miller's counsel, Steve A. Miller, via U.S. Mail. Exhibit 8 attached hereto
2  consists of a true and accurate copy of the Notice of Deposition of Objector Joyce
3  Miller. Exhibit 9 attached hereto consists of a true and accurate copy of the
4  Amended Notice of Deposition of Objector Joyce Miller.

5     10.  On August 2, 2014, the Notice of Deposition of Objector Kristina K.
6  Newman was served on Ms. Newman's counsel, Steve A. Miller, via U.S. Mail.
7  Exhibit 10 attached hereto consists of a true and accurate copy of the Notice of
8  Deposition of Objector Kristina K. Newman.

9     11.  On August 6, 2014, the Amended Notice of Deposition of Objector
10 Joyce Miller and original Notices of Deposition were served on Steve Miller, John
11 Kress and Jonathan Fortman via email, facsimile, and U.S. Mail. Exhibit 11
12 attached hereto consists of a true and accurate copy of an email to attorneys Miller,
13 Kress and Fortman.

14    12.  On August 6, 2014, I telephoned Mr. Miller at his office and left a
15 voicemail message requesting that he return my call.

16    13.  On August 6, 2014, I sent attorneys Miller, Kress and Fortman a letter
17 via email, facsimile and U.S. Mail requesting: "Please call me at 865-406-2366 to
18 discuss the taking of these depositions and to confirm that your clients intend to
19 comply with the notice." Exhibit 12 attached hereto consists of a true and accurate
20 copy of an email to Messrs. Miller, Kress and Fortman.

21    14.  On August 7, 2014, I sent Messrs. Miller, Kress and Fortman a letter
22 via email, facsimile and U.S. Mail requesting: "Please advise whether you will
23 provide your clients for deposition in accordance with the served notices." Exhibit
24 13 attached hereto consists of a true and accurate copy of an email to Messrs.
25 Miller, Kress and Fortman.

26    15.  On August 7, 2014, I received an email with an attached letter from
27 Mr. Fortman which stated "As I stated in my message I left with your office, we
28

will not produce our clients for deposition." <u>Collective Exhibit 14</u> attached hereto consists of a true and correct copy Mr. Fortman's email and attached letter.

16. On August 8, 2014, I sent Messrs. Miller, Kress and Forman a letter via email, facsimile and U.S. Mail stating "In light of the above, kindly advise whether you will provide your clients, Kristina A. Newman and Joyce Miller, for deposition per the notices on August 12, 2014 ... ." <u>Exhibit 15</u> attached hereto consists of a true and correct copy of my letter to Messrs. Miller, Kress and Forman.

17. On August 8, 2014, I received an email with an attached letter from Mr. Fortman advising "We stand behind our previous position that we will not produce our clients for deposition at this time." Exhibit 16 attached hereto consists of a true and correct copy of Mr. Fortman's email and attached letter.

I declare under penalty of perjury under the laws of the State of Tennessee that the foregoing is true and correct.

Executed this _11_ day of August 2014.

_____
Gregory F. Coleman